## Loucks' Assigned Estate.

*Res adjudicata—Estate of insolvent—Claim—Distribution—Adjudication.*

A claim made upon a second distribution of the assigned estate of an insolvent was held to be res adjudicata where it appeared that the claimant had presented his claim at a former distribution; that exceptions had been filed by the claimant all of which were dismissed by the court excepting one involving the correction of an error in a numerical calculation, which was made and an additional sum thereby added to the award, to be paid in the next distribution, and no appeal from the action of the court had been taken.

Argued May 19, 1915. Appeal, No. 40, Jan. T., 1915, by Horace E. Smyser and Henry K. Smyser, Executors of the will of Michael Smyser, deceased; Lizzie B. Fulton, Executrix of the will of Samuel M. Fulton, deceased, and George W. Fry, from decree of C. P. York Co., directing distribution of the assigned estate of Edwin W. Loucks. Before FELL, C. J., POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to auditor's report. Before WANNER, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing the exceptions and in confirming the report.

*Allen C. Wiest,* with him *William A. Allen* and *J. W. Gitt,* for appellants.

*W. F. Bay Stewart,* of *Stewart & Gerber,* with him *James G. Glessner, Vincent K. Keesey* and *Donald Yost,* for appellees.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:
The appellants here complain of the action of the

court below in dismissing their exceptions to the report of an auditor. In its opinion the court says that the auditor rejected appellants' claim on the ground that it had been paid in full in a former distribution of part of this assigned estate. After reciting the proceedings before the first auditor, and pointing out in detail the manner in which the claim of appellants had been adjudicated, and paid in full, the court notes that exceptions were filed to the adjudication by appellants, all of which were dismissed by the court, excepting one which alleged an error in a numerical calculation. There being no objection to the correction of this error the court added $278.16 to the award, and instead of recommitting the report to the auditor, directed payment of the additional sum to be made in the next distribution. No appeal was taken from that adjudication which fixed the total amount of appellants' claim and provided for the payment at the next distribution of the balance due thereon, which would have been paid at the first distribution, except for the clerical error in the calculation. The cause of action having thus been determined between these parties, on its merits, and no appeal having been taken, it cannot now be litigated again. Bower's Est., 240 Pa. 388. The court below was entirely justified in its refusal to entertain exceptions to the last auditor's report, involving as they did, questions considered and adjudicated in the former report, confirmed by the court.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellants.