## Newhall Appeal.

Argued January 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Walter Biddle Saul*, with him *Maurice Bower Saul, Frances H. Bohlen, Jr., Saul, Ewing, Remick & Harrison, George S. Munson* and *Townsend, Elliott & Munson*, for appellant, accountant.

*George S. Munson*, with him *Townsend, Elliott & Munson, Maurice Bower Saul, Francis H. Bohlen, Jr.*, and *Saul, Ewing, Remick & Harrison*, for appellants, counsel for accountant.

OPINION BY MR. JUSTICE PATTERSON, March 22, 1943:

These appeals are from a decree of the common pleas surcharging an assignee for benefit of creditors for alleged excessive expenditures in payment of commissions and counsel fees.

C. S. Newhall, remaining assignee for benefit of creditors of Reilly, Brock & Company, a banking and brokerage partnership, filed his second and final account

on November 29, 1940. In this account he claimed credit for assignees' commissions and counsel fees paid following the adjudication of the assignees' first account more than nine years before. Credit was also claimed for $6,504.72 commissions on collections since the closing date of the first account and for $4000. additional counsel fees. No exception or objection was filed to the account nor did anyone appear to object orally to the commissions and fees claimed. Nevertheless, Judge McDevitt, the auditing judge, on his own motion and without a hearing of any kind, not only refused to allow the additional compensation and counsel fees, but surcharged accountant for $53,959.60 commissions and $15,000 counsel fees already paid. Exceptions were filed by accountant and counsel on the ground that the payments had previously been approved by the court and allowed. They also presented a petition to open the decree and for leave to introduce testimony showing the services performed, but the auditing judge refused to permit it to be filed or to grant a hearing thereon with notice to creditors. The exceptions were dismissed by the court en banc, in a per curiam opinion, and these appeals followed.

The exceptions to the adjudication should have been sustained. Although some forty-five separate sets of objections were filed to the first account and petition for distribution, not a single objection was filed to the claims for counsel fees or commissions, and that fact was called to the court's attention at the outset of the hearing. In his adjudication confirming the account Judge McDevitt pointed this out, stating: "There were no objections to the items of credit and debit in the account, *or to the allowance of commissions claimed by the assignees, or to the fees claimed by counsel"*; and he concluded his adjudication by stating that all matters before him upon the account and petition for distribution had been disposed of (except one not here relevant). No exceptions were filed to this finding, and a final decree was entered

from which appeals were taken to this Court (312 Pa. 7, 18, 92). This amounted to a determination that the assignees' commissions and counsel fees claimed were unobjectionable to the court as well as to the creditors, and precluded any further inquiry into their propriety upon the audit of the second and final account: *Loucks' Assigned Estate*, 250 Pa. 568.

It is evident that Judge McDevitt, when he came to the audit of the second and final account, overlooked the fact that he had already approved the payments of fees and commissions for which he would now surcharge accountant, and it is also apparent that he had forgotten, in the nine-year interim, the complicated nature of the estate and the extent of the services rendered by the assignees and their counsel. The creditors, who were and are familiar with all the facts, have indicated com-plete satisfaction at all times and they raise no objection now. Compare *Stitzel's Est.*, 221 Pa. 227.

The claims for $6,504.72 commissions on collections since the first account and $4,000. additional counsel fees, now before the court for the first time, stand on a somewhat different footing. Nevertheless, their dis-allowance, on the auditing judge's own motion and without any opportunity to present proofs as to the services performed, was highly improper. Unquestionably accountant and counsel have rendered further services required in the proper administration of the fund, and if the amounts claimed therefor had been questioned it appears not unlikely that they could have been fully sustained by evidence. However this may be, it is the duty of the court below to determine the value of the additional services in actual aid of the estate and to allow payment out of the fund accordingly: *Tenth Nat. Bank v. Smith Construction Co.*, 242 Pa. 269.

The decree is reversed and the record is remitted to the common pleas for further proceedings not inconsistent with this opinion. Costs of these appeals to be paid out of the fund for distribution.