## Trill's Estate

*Orson Graham*, for claimant.
*Walter H. Scott*, for accountant.

WAITE, P. J., January 31, 1946.—The first and final account of George H. Gordon, executor of the estate of William L. Trill who died on September 4, 1943, is now before the court for audit. No exception to the account was filed, but at the request of William George Negley (who had appeared as attorney for Alice Trill, a sister of William L. Trill, in a declaratory judgment proceeding in the estate of Mary Viola Trill, widow of said William L. Trill, in the Orphans' Court of Erie County, no. 184, September term, 1944) a hearing was had and the said William George Negley was permitted to testify in an effort to make out a claim for attorney fees against the estate of William L. Trill. In his testimony at the hearing, said William George Negley endeavored to show that in the declaratory judgment proceeding he was not only acting for said Alice Trill but also for certain trust beneficiaries of said William L. Trill.

By a brief filed, said William George Negley, now for the first time, claims that in said declaratory judgment proceeding, he was also acting as amicus curiæ. Amicus curiæ is defined as "one who, as a stander-by, when a judge is doubtful or mistaken in a matter of law, may inform the court". See Ballentine's Law Dictionary. In said declaratory judgment proceeding at no. 184, September term, 1944, the court was not in doubt as to the law and it has not even been sug-

gested that the court erred in the conclusion reached. For a general discussion of the law relative to amicus curiæ, see 2 Am. Jur. 679.

George H. Gordon, the executor of the William L. Trill estate, is also the administrator of the estate of Mary Viola Trill who died October 13, 1944, a little more than a year after the death of her husband, William L. Trill. Walter H. Scott is also attorney for both estates. The essential question raised by the petition for a declaratory judgment was as to which of the said estates should be credited with an unpaid balance of $16,000 from the sale of the property of the Trill Manufacturing Company, which said balance was unpaid at the time of the death of William L. Trill. The said balance was included in the inventory in the said William L. Trill estate. Of the said balance $8,000 was subsequently paid to George H. Gordon as executor of the William L. Trill Estate, who kept the said sum intact and the remaining unpaid balance of $8,000 was treated as an asset of the William L. Trill estate prior to the time of the death of Mary Viola Trill, his widow. The plant of the Trill Manufacturing Company wholly owned by William L. Trill, was located upon the real estate formerly owned by William L. Trill and which he subsequently conveyed to his wife in joint tenancy with himself. There was little, if any, doubt in the minds of Mr. Gordon, fiduciary, and Walter H. Scott, attorney for both estates, that the said balance of $16,000 remaining unpaid from the sale of the Trill Manufacturing Company should be included in the assets of the William L. Trill estate. In fact, this item was included in the inventory of the said estate. But George H. Gordon had been acting as guardian for Mary Viola Trill as a weak-minded person during her lifetime and upon the death of William L. Trill, he filed a claim for her to take against the will of her husband, the said William L. Trill, and also for the $500 widow's exemption, both of which were allowed by

the court. After the death of Mary Viola Trill, George H. Gordon was also appointed administrator of her estate and employed Walter H. Scott as attorney for said estate. Inasmuch as the real estate upon which the said Trill Manufacturing Company was located stood in the joint names of both William L. Trill and his wife, the said Mary Viola Trill, both George H. Gordon as executor of the estate of William L. Trill and as administrator of the estate of Mary Viola Trill, and Walter H. Scott, attorney for both estates, felt that for safeguarding the interest of all parties in interest in both estates, there should be an order of court determining the disposition of the balance of $16,000 remaining unpaid from the sale price of $40,000 of the said Trill Manufacturing Company, which included the real estate upon which said Trill Manufacturing Company was located and which, as has already been stated, stood at the time of the sale in the joint names of the said William L. Trill and Mary Viola Trill, his wife, with the right of survivorship.

Under these circumstances, the petition for a declaratory judgment to determine the disposition of this unpaid balance might very properly have been presented in either estate. The action was wholly an amicable one. The necessary facts for the determination of the question involved were set forth in the petition and admitted at the hearing, of which all interested parties had notice as shown by the record. In said proceeding said William G. Negley, by appearance filed and actual presence in court, was acting as attorney for Alice Trill, a sister of William L. Trill, and beneficiary of a monthly payment of $50 per month, which by a former order of this court, had been allowed. See testimony and order made after hearing in the William L. Trill Estate on October 18, 1943, at no. 178, September term, 1943. On the present claim of William George Negley amounting to $350, said Wil-

liam George Negley admitted that in said declaratory judgment proceeding no. 184, September term, 1944, he was acting as attorney for Alice Trill and, although he also claimed to be acting by some indefinite authorization for certain charities set up in the trust estate created under the will of said William L. Trill, he, nevertheless, admitted under cross-examination by the attorney for the estate that he had no authority to represent the said cestuis que trust. It was only when his brief was filed that the court for the first time was informed that he claimed to be acting as amicus curiæ at no. 184, September term, 1944.

In the declaratory judgment proceeding, the said balance of $16,000 remaining unpaid from the sale of the Trill Manufacturing Company at the time of the death of William L. Trill was awarded to his estate and the reason therefore is fully set forth in the said opinion and order to which no exception was ever taken.

After a careful review of the entire records in the declaratory judgment proceeding in the estate of Mary Viola Trill, no. 184, September term, 1944, and the proceeding of no. 178, September term, 1943, and in the present proceeding, we do not find anything requiring or authorizing the appearance of William George Negley as amicus curiæ. As to appearance as amicus curiæ where no exceptions are filed, see Stitzel's Estate, 221 Pa. 227, 230. The court, therefore, has no power or authority to award the payment of any attorney fees to the said William George Negley as "amicus curiæ", although he may have acted in perfect good faith and we do not mean to imply that he was not so acting. If he is entitled to any fees whatsoever, that is a matter between him and his client, Alice Trill, for whom the record in the declaratory judgment proceeding at no. 184, September term, 1944, shows that he did appear. Said claim is, therefore, disallowed.

*Order*

Now, to wit, January 31, 1946, after hearing, the claim of William George Negley for attorney fees as amicus curiæ is disallowed. The account is confirmed; the distribution as shown by the said account is also approved and confirmed.