## Barth Estate.

Argued October 1, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*William Jay Leon,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY GUNTHER, J., November 15, 1951:

Did the court below err in reducing guardian's commissions and counsel's fee and in surcharging the guardian with the amount of such reductions?

Appellant was appointed guardian of the estate of Louise F. Barth, an incompetent, on November 21, 1947. The estate consisted of approximately $9,500 cash representing in part the proceeds of sale of real estate sold by the guardian. The ward died on February 13, 1951, and six days later the guardian filed his second and final account wherein he claimed credit for a payment of $500 additional counsel fee and a further credit of $475 as commissions for himself, being 5% of the amount of principal collected and managed by him. No objections were made by next of kin, but the court below on its motion and after considering a report of his services filed by counsel reduced counsel fees and the guardian's commissions to $200 each. The guardian

has appealed from a decree surcharging him with the amount of such reductions.

Ordinarily, the amount of fees to be allowed counsel is one peculiarly within the discretion of the court of first instance, and its decision will not be interfered with except for palpable error. *Rambo's Estate,* 327 Pa. 258, 266, 193 A. 1; *Harton's Estate,* 331 Pa. 507, 523, 1 A. 2d 292. Cf. *Riebel's Estate,* 321 Pa. 145, 184 A. 118; *Pryor's Estate,* 150 Pa. Superior Ct. 75, 27 A. 2d 466. It is to be observed, however, that that rule obtains where exceptions have been filed by interested parties challenging the excessiveness of fees or commissions. Where, as here, no objections have been made by parties in interest who are all sui juris the court performs its full duty when, on its own motion, it makes inquiries, suggests objections and calls for exceptions. *Stitzel's Estate,* 221 Pa. 227, 70 A. 749. Cf. *Franklin's Appeal,* 163 Pa. 1, 29 A. 912; *Newhall Appeal,* 346 Pa. 518, 521, 31 A. 2d 127.

The court below also took the guardian to task for investing in preferred stock without prior court approval. The court below failed to give recognition to the Act of July 2, 1935, P. L. 540, 20 PS Sec. 815 which was in effect when investments in the instant case were made. Under Section 2 of the Act of 1935, supra, it is clearly provided that "Any such fiduciary, holding moneys to be invested, may invest such moneys in any investment in which, at that time, a fiduciary subject to the jurisdiction of the orphans' court of any county of this Commonwealth may invest like moneys". Cf. *Pauer Estate,* 351 Pa. 350, 41 A. 2d 675; *Fiduciary Review,* April, 1945.

On broad considerations, the court below erred in reducing the fees of counsel and the commissions of the accountant. The management of the estate extending over a three year period was faithful, constant, successful and beneficial to the ward; the proofs are most

satisfactory that the fees and commissions have been earned in proportion to the responsibilities incurred and the labor and care bestowed. *McElhenny's Appeal,* 46 Pa. 347.

Decree reversed, costs to be paid by the estate.