**CARPENTER TECHNOLOGY CORP., Plaintiff,**

v.

**ARMCO, INC., Defendant.**

**Civ. A. No. 90–0740.**

United States District Court, E.D. Pennsylvania.

Oct. 16, 1992.

Richard C. Rizzo and Robert A. Limbacher, Philadelphia, PA, for plaintiff.

Arlan T. Stein and Robert A. Nicholas, Philadelphia, PA, for defendant.

## MEMORANDUM & ORDER

HUYETT, District Judge.

This action arises from the breach of a settlement agreement. In 1983, plaintiff Carpenter Technology Corp. entered into a settlement with defendant Armco, Inc. which resolved a patent validity suit filed by Carpenter against Armco in 1982. In 1990, Carpenter filed the present action alleging that Armco breached the settlement agreement ("the 1983 Agreement") by according a lower effective royalty rate on an Armco patent to a third party licensee.

By Memorandum and Order of March 20, 1992, the Court granted plaintiff Carpenter Technology Corp.'s motion for summary judgment, denied defendant Armco, Inc.'s motion for summary judgment and entered judgment in favor of plaintiff Carpenter Technology Corp. in the amount of two million four hundred and ninety-six thousand and sixty dollars and ten cents ($2,496,060.10). In essence, the Court concluded that defendant had breached paragraph 6 of the 1983 Agreement. Further, the March 20, 1992 Memorandum and Order granted plaintiff reasonable attorneys' fees pursuant to paragraph 6 of the 1983 Agreement and ordered full briefing on the proper amount to award.

Accordingly, plaintiff Carpenter Technology Corp. has moved for an award of fees in the amount of $367,501.50 and costs of $22,484.27. The parties have exchanged briefs and presented oral argument to the Court. For the reasons stated below, I shall award plaintiff the full amount of attorneys' fees requested, deny plaintiff's requests for costs and grant plaintiff leave to file a bill of costs pursuant to 28 U.S.C. § 1920.

## I. INTRODUCTION

Defendant Armco concedes that paragraph 6 of the 1983 Agreement entitles plaintiff to reasonable attorneys' fees.[1] Defendant contends, however, that the amount of fees plaintiff seeks to recover are excessive and any award should be substantially reduced. Defendant ad-

---

1. Specifically, paragraph 6 of the 1983 Agreement states:

    In the event Carpenter shall be required to institute litigation to collect any such sum [of overpayment of royalty rates], Carpenter shall be entitled to recover in such litigation its reasonable attorney's fees for conducting the same.

    1983 Settlement Agreement at ¶ 6.

vances several arguments in support of its objections.

First, defendant asserts that although Carpenter did prevail on its royalty claim, it did not succeed in its other significant claims—for negative royalties and prejudgment interest at ten percent (10%)—and should therefore be barred from collecting the full amount of its fees. Second, defendant asserts that plaintiff's documentation of its fee charges is insufficient to support all of its claims. Third, defendant contends that plaintiff's fees are "top heavy," that is, that Dechert's high priced lawyers did work that less experienced, less expensive attorneys could do. Fourth, defendant claims plaintiff's fees are excessive and duplicative. Finally, defendant insists that even if Carpenter is entitled to and awarded attorneys' fees, the award should not include its costs. In defendant's view, the 1983 Settlement Agreement governing the award makes no mention of costs in addition to fees and should not include them.

As documentation of its fees, plaintiff has presented monthly billing statements from November 1989 to April 1992, detailing the charges Carpenter paid to Dechert, Price & Rhoads. These statements are itemized to reflect the work performed by each attorney and the time spent on each matter, recorded by the quarter hour. The statements also reflect monthly costs.

## II. DISCUSSION

In determining whether plaintiff's attorneys' fees are reasonable under Pennsylvania law, the Court must consider the character of services rendered, the character of the litigation, the time and trouble involved, the skill and experience called for, and the standing of the attorneys in the community. *Dorsett v. Hughs*, 353 Pa.Super. 129, 135, 509 A.2d 369, 371 (1986); *Wrenfield Homeowners Assn. v. De-Young*, 410 Pa.Super. 621, 600 A.2d 960, 964 (1991). Further, as defendant correctly asserts, to render a proper decision on the amount of fees to be awarded, a court must evaluate the claimed fees with "scrutiny and close evaluation." *Codex Corp. v. Milgo Electronic Corp.*, 717 F.2d 622, 632 (1st Cir.1983), *cert. denied*, 466 U.S. 931, 104 S.Ct. 1719, 80 L.Ed.2d 191 (1984).

However, it is also true that this duty to scrutinize is less demanding when an award of counsel fees arises from a bargained-for contract clause rather than from a common fund or statute. *Coleco Industries, Inc. v. Berman*, 423 F.Supp. 275, 319 (E.D.Pa.1976), *aff'd in part, remanded in part*, 567 F.2d 569 (3d Cir.1977) *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). In reviewing this case's files from start to finish, it is evident that the work produced by Carpenter's counsel was excellent in both its quality and its quantity. Hence, even if, as defendant urges, courts are correct in fearing that time alone as the criterion for awarding fees would reward inexperience and incompetence, *Danks v. Government Employees Ins. Co.*, 307 Pa.Super. 421, 453 A.2d 655 (1982), this Court need not succumb to that fear in this case.

Plaintiff bears the burden of showing that the hours and rates charged are reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990). The party opposing the fee request must demonstrate the necessity of reducing the fee award. *Id.* Defendant Armco argues for reduction on five principal grounds. Addressing each of defendants concerns in order, this Court finds that plaintiff's request for fees is reasonable and supportable.

### A. *Reduction of Award for Incomplete Success on the Merits*

Defendant's first contention—that plaintiff's award should be reduced because it did not succeed in all of its claims—lacks merit. This contention does not follow from the reasoning of *Coleco Industries, Inc. v. Berman*, 423 F.Supp. 275, 319 (E.D.Pa.1976), *aff'd in part, remanded in part*, 567 F.2d 569 (3d Cir.1977) *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978), on which defendant places much reliance. In *Coleco*, plaintiff did not wholly prevail in its main claim, and further, defendants in that case recovered more than ten times the amount of plaintiff's recovery under their counterclaim.

In stark contrast, in this case Carpenter prevailed absolutely in its only claim—that Armco breached its 1983 Settlement Agreement—and merely lost two claims concerning the measure of damages. While it is true that Carpenter's counsel did spend some minimal time preparing their arguments to support these two unsuccessful claims (for negative royalties and for prejudgment interest at ten percent (10%)), the bulk of Carpenter's legal effort was spent proving its main claim.

Despite the parties' conflicting interpretations of the Supreme Court's opinion in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the import of that decision is quite clear and instructive on this issue.[2] In *Hensley*, the Court held that

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

461 U.S. at 440, 103 S.Ct. at 1943.

According to this reasoning, plaintiff's award should be reduced only if the Court finds that those claims on which plaintiff did not prevail were "distinct in all respects from [its] successful claims." As stated above, plaintiff's claims for interest and negative royalties stem from its main claim—that defendant breached the settlement agreement—and are unquestionably related to that main claim. Therefore, a reduction of plaintiff's fee award to reflect the time expended on its unsuccessful claims would be inappropriate in this case.[3]

### B. *Lack of Documentation in Plaintiff's Fee Request*

■ Defendant's second objection to plaintiff's fee request is to the lack of detail in plaintiff's documentation. Defendant points to *Codex Corp. v. Milgo Electronic Corp.*, 717 F.2d 622, 632 (1st Cir. 1983), *cert. denied*, 466 U.S. 931, 104 S.Ct. 1719, 80 L.Ed.2d 191 (1984), in which the court found monthly bills insufficient in detail to merit a full fee award. The court's objection in *Codex* was that the submitted bills did not categorize daily charges by attorney and task. In contrast, Dechert, Price & Rhoads' bills delineate each attorney's daily activities, time and rates. This documentation is clearly acceptable under the standards applied in the Third Circuit, which require specification of "hours devoted to various general activities ... and the hours spent by various classes of attorneys...." *Lindy Bros. Builders, Inc. of Philadelphia v. American R. & S. San. Corp.*, 487 F.2d 161, 167 (3d Cir.1973). Plaintiff need not specify the exact number of minutes spent nor the precise activity to which each hour was devoted. *Id.*

■ Defendant's specific objections to plaintiff's documentation (Exhibit A to Mark Gleason's affidavit) detail the following allegedly unacceptable terms: "legal research," "analysis of issues," "review of correspondence," and "review documents." Admittedly, these terms are not crystal clear, but they are specific enough to allow the Court to judge whether a reasonable amount of time was expended on each task. Accordingly, the Court will not reduce plaintiff's award for lack of specificity.

---

2. Defendant contends that the decision in *Hensley* is not applicable here because it was based on a statutory award of attorneys' fees rather than a contract clause. While this distinction is correct, the Supreme Court's reasoning involving a statutory fee award is persuasive and applicable to a similar situation arising from a contract clause. Moreover, defendant has provided no authority or persuasive argument as to why this reasoning would not extend to the award of fees from a contract.

3. Defendant argues that despite its holding in *Hensley* that fees for related unsuccessful claims are recoverable, the Court also emphasized that where plaintiff has achieved partial or limited success, the attorneys' fee claim should be reduced even if interrelated. Even if this interpretation were correct, plaintiff would still deserve full recovery. Plaintiff's success was not "partial or limited." Plaintiff set forth to prove one claim—breach of contract—and succeeded in so doing.

**412**

### C. Billing for High Priced Attorneys Doing Routine Work

■ Defendant's third objection is that plaintiff's counsel, Dechert, Price & Rhoads, allowed expensive senior attorneys to do routine work. A close review of defendant's specific objections (Exhibit B to Mark Gleason's affidavit) reveals that while senior attorneys did contribute to some routine matters, their contributions were not excessive. For example, defendant protests that senior attorneys contributed to simply preparing and drafting the complaint, yet the total of "senior" hours contributed to this task was 6.75 hours. While much routine work can and should be directed to low level attorneys, senior attorneys still have an obligation to contribute minimally to cases they oversee.

Upon careful review, I have found that the tasks in this litigation were delegated in a reasonable manner. This was a complex case, and a party should not be penalized for seeking to benefit from the experience of senior counsel. *Daggett v. Kimmelman,* 811 F.2d 793, 798 (3d Cir.1987).

### D. Reasonableness of Total Hours Expended

■ Armco objects that the hours plaintiff expended were excessive and duplicative. For example, defendant contends that the time spent on the following tasks was excessive: (1) 302 hours spent on a motion for summary judgment and two replies in support thereof, (2) 109.25 hours on preparation of deposition summaries, and (3) 108 hours on a motion to preclude expert witnesses.

■ Plaintiff has supported its fee request with sworn testimony that the hours challenged by Armco were, in fact, both reasonable and necessary. Where sworn testimony confirms that work took a certain time, the court may not cut that time unless it appears that the time claimed is "obviously and convincingly excessive." *Joy Mfg. Corp. v. Pullman–Peabody Co.,* 742 F.Supp. 911, 916 (W.D.Pa.1990), *aff'd,* 932 F.2d 960 (3d Cir.1991). After careful review of plaintiff's claims and Armco's objections, I find that the hours expended by plaintiff's counsel were reasonable, and certainly not "obviously and convincingly excessive."

### E. Costs

■ Defendant's final contention is that costs should not be included in plaintiff's award of attorneys' fees because the terms of the 1983 Agreement limit plaintiff's compensation to attorneys' fees and fail to mention costs. Indeed, both parties agree that there is no specific provision in the settlement agreement that entitles Carpenter to costs. Plaintiff's contention that costs are impliedly included in the 1983 Agreement in order to prevent plaintiff from incurring a competitive disadvantage is unpersuasive. The plain language of the 1983 Agreement clearly limits plaintiff's recovery to attorneys' fees, and the Court should interpret it accordingly. I will deny plaintiff's request for an award of costs under the 1983 Agreement.

■ Despite the fact that the 1983 Agreement does not encompass costs, plaintiff, as the prevailing party, is entitled to recover costs under federal law pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. Therefore, plaintiff is granted leave to file a bill of costs in compliance with Local Rule 42.

### III. CONCLUSION

For the reasons stated above, I shall award plaintiff Carpenter Technology reasonable attorneys' fees in the amount of $367,501.50. Further, I shall grant plaintiff leave to file a bill of costs pursuant to 28 U.S.C. § 1920.