Charles H. Lafferty and Rose E. Lafferty, executors and trustees of the last will and testament of Charles Lafferty, deceased, Appellants, *v.* Patrick J. Corcoran.

*Executors and administrators —Trustees — Orphans' court— Common pleas.*

Where the executors and trustees of an estate employ a person at a salary to act as their agent in collecting rents, and subsequently the agent is appointed a coexecutor and cotrustee, and continues to collect the rents under an agreement by which he is to receive a salary in addition to his share of commissions, he cannot be compelled to account for the rents collected after his appointment as coexecutor and cotrustee in an action in the common pleas, but only by proper proceedings in the orphans' court.

Argued Jan. 12, 1897.   Appeal, No. 429, Jan. Term, 1896, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., Dec. Term, 1894, No. 964, for defendant on demurrer.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Attachment under the act of March 17, 1869.

The plaintiffs' statement was as follows :

Plaintiffs, the executors and trustees of the will of Charles Lafferty, deceased, seek to recover the sum of $10,700, with interest from June 1, 1894.   In the lifetime of the said Charles Lafferty, defendant was employed by him to collect the rents of his real estate and to forthwith pay over the money to him, and in consideration of his services defendant received a salary of $600 per annum, which was paid by said Charles Lafferty.   Upon the decease of said Charles Lafferty and the grant of letters upon his estate by the register of wills of Philadelphia county to plaintiffs, they employed the said defendant to collect said rents from the real estate belonging to said estate, and forthwith deposit the same in the safe belonging to the estate in the office of the executors in the city of Philadelphia, where said money was to remain until deposited in the Fidelity Insurance, Trust and Safe Deposit Company to the credit of the estate of said Charles Lafferty, deceased.   Defendant entered upon said employment, collected said rents, forthwith deposited the same in the safe of the estate in the office of the executors, and from time

to time deposited said money in The Fidelity Insurance, Trust and Safe Deposit Company to the credit of said estate. On October 13, 1888, the orphans' court of Philadelphia county appointed defendant an executor and trustee, and defendant agreed, in addition to his duties as said executor and trustee, to continue to collect the rents from said real estate, deposit the same forthwith in the fireproof safe belonging to said estate in the office of the executors, such money to be from time to time deposited in The Fidelity Insurance, Trust and Safe Deposit Company to the credit of said estate, and in consideration thereof plaintiffs agreed to pay defendant said salary in addition to his share of commissions from said estate. Between November 1, 1890, and June 1, 1894, at various times well known to the defendant, and which he refuses to disclose to plaintiffs, and which plaintiffs do not know, the said defendant having collected large sums of money from said rents and deposited said sums in the said fireproof safe, subsequently, without taking them out for deposit, took the same into his possession and converted to his own use, the sum, $10,700, so deposited in said fireproof. Defendant had no right to take said money from said safe. No part of said money was due to the said defendant upon any account whatsoever, and no part was used for any purpose of said estate or with the knowledge or consent of said plaintiffs. All of said money was taken from the fireproof and from the estate by said defendant and converted by him to his own use. No part of said money has ever been paid by defendant to said estate, and all of said money is still due and owing to said estate by defendant, with interest as aforesaid.

The defendant demurred to the statement for the following reasons :

1. That the statement discloses that there are three executors and trustees of the last will and testament of Charles Lafferty, deceased, while the action is brought by only two of said executors ; and in the absence of any reason for so doing, all the executors should be parties plaintiff.

2. That the statement discloses that the defendant is a coexecutor and trustee with the plaintiffs, and that the real issue is a question of accounting between executors and trustees, for which there is no right of action in the court of common pleas.

3. That the statement shows that the money sought to be recovered by this action arises from a question of accounting by executors to the estate for which they are executors and trustees, and that defendant is one of said executors and trustees; and it is therefore a subject of inquiry only by the orphans' court of the county of Philadelphia, in which the court of common pleas has no jurisdiction.

The court sustained the demurrer.   Plaintiffs appealed.

*Error assigned* was in sustaining the demurrer.

*J. Willis Martin* and *Samuel Gustine Thompson*, with them *J. Sergeant Price* and *George L. Crawford*, for appellants.—The jurisdiction of the common pleas in this case may be rested on the act of March 17, 1869, which makes it the duty of the prothonotary to issue an attachment against any defendant or defendants upon the application of any plaintiff or plaintiffs upon proof by affidavit that defendant or defendants are justly indebted in a sum exceeding $100, the nature and amount being set forth, and that the defendant fraudulently contracted the debt or incurred the obligation.   Act of March 17, 1869, sec. 1, P. L. 8, Purd. Dig. 1, p. 68: Swartz v. Lawrence, 12 Phila. 181. There is nothing in the general language of the statute to exclude executors from its benefits: Mechanics' Bank v. Miners' Bank, 41 Leg. Int. 312; Moffatt v. Van Millingen, 2 Bos. and Pul. 124 *n.*

In Pennsylvania the cases of Sergeant v. Ewing, 30 Pa. 75; Swain v. Ettling, 32 Pa. 486; Kimble v. Carothers, 81 Pa. 494; and Pringle v. Pringle, 130 Pa. 565, establish the principle that the test of jurisdiction is not the fact that the action is by an executor or against an executor, or even by one executor against another, but it is whether the legal right is enforceable by an action at law, and especially, no matter how the parties may be named in the pleadings, the real capacity in which the suit is brought.

The orphans' court has no jurisdiction to compel an account by one who, as the bailee or agent of trustees, obtained possession of property of the trust estate, and who, after the death of the trustee, remained in possession thereof without lawful authority.   The proper remedy is for those entitled to the law-

ful possession to bring an action at law against the trustee de son tort, or by bill in equity, when an account is necessary: Delbert's App., 83 Pa. 468; Robinson's Est., 12 Phila. 170; McBride's App., 72 Pa. 484; Ryan's Est., 35 Leg. Int. 431; Ainey's App., 2 Penny. 192.

Suits by executors against each other to recover shares of commissions are maintainable in the court of common pleas: Shaw v. Betts, 4 Atl. Rep. 731; Woodward's Est., 6 Kulp. 7.

*James M. Beck*, with him *W. F. Harrity*, for appellee.—The attachment was void ab initio: Act of March 17, 1869, P. L. 8. Act of March 29, 1832, P. L. 190; Act of June 16, 1836, P. L. 784; Shollenberger's App., 21 Pa. 341; Act of May 1, 1861, P. L. 680; Coaks v. White, 11 W. N. C. 271.

The service of the writ should be set aside because it was improperly made: Nebenzahl v. Saberlwitz, 1 Luz. Leg. Reg. 595; Cleland v. Cassell, 1 Lack. Jur. 261; Hayes v. Gillespie, 35 Pa. 155; Duffee v. Records, 12 W. N. C. 287.

The statement disclosed no cause of action: Kimball v. Carothers, 81 Pa. 494; Pringle v. Pringle, 130 Pa. 565; Delbert's App., 83 Pa. 468.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 15, 1897:

This appeal by the plaintiffs, from the judgment in favor of defendant on his demurrer to their statement of claim, presents the single question, whether the statement is sufficient to warrant a recovery in favor of said plaintiffs. We think it is not, because it discloses no cause of action properly cognizable in the court of common pleas.

It is first averred, in substance, that in the testator's lifetime defendant was employed by him at an annual salary of $600 to collect the rents of his real estate, etc.; that upon testator's decease and the grant of letters to the two plaintiffs " they employed the said defendant to collect said rents . . . . and forthwith deposit the same in the safe belonging to the estate, . . . . where said money was to remain until deposited in the Fidelity Insurance, Trust and Safe Deposit Company to the credit of the estate of said Charles Lafferty, deceased. Defendant entered upon said employment, collected said rents, forthwith deposited the same in the safe of the estate, . . . . and

from time to time deposited said money in the Fidelity Insurance, Trust and Safe Deposit Company to the credit of said estate."

It is not alleged that defendant embezzled or otherwise misappropriated any of the money received by him, either as agent of the estate or of the plaintiffs, prior to his appointment by the orphans' court as coexecutor and cotrustee with them of the estate of said Charles Lafferty, deceased, which appointment is stated to have been made on October 13, 1888. Indeed, the only apparent object in reciting the foregoing facts was as matter of inducement.

After stating that, on the day last named, " the orphans' court of Philadelphia county appointed the defendant an executor and trustee," the plaintiffs aver that the " defendant agreed, in addition to his duties as said executor and trustee, to continue to collect the rents from said real estate, deposit the same forthwith in the fire-proof safe belonging to said estate in the office of the executors,—such money to be from time to time deposited in the Fidelity Insurance, Trust and Safe Deposit Company to the credit of said estate ; and in consideration thereof plaintiffs agreed to pay defendant said salary in addition to his share of commissions from said estate."

It is then averred that, " between the 1st day of November, 1890, and the 1st day of June, 1894, at various times well known to the defendant, and which he refuses to disclose to plaintiffs, and which plaintiffs do not know, the said defendant, having collected large sums of money from said rents and deposited said sums in the fire proof safe, subsequently, without taking them out for deposit, took the same into his possession and converted to his own use $10,700, so deposited in said fire proof ; " etc.

This charging clause was doubtless intended to contain an averment that the money alleged to have been appropriated by defendant to his own use was collected by him in his capacity as agent for the estate, and not by virtue of his higher office as executor, but it is not so averred, and in that respect the statement is defective. That, however, is comparatively unimportant. As one of the three executors, defendant had an undoubted right to collect the rents in question—in fact it was his duty to do so—and, whether he collected them avowedly as

agent, or by virtue of his office as executor, can make no material difference. According to the averments the money went into his hands, and, as executor, he was and is undoubtedly accountable therefor to the court that had and still has exclusive jurisdiction of his accounts as executor and testamentary trustee. When called upon by that court to account for the rents so collected between Novenber 1, 1890 and June 1, 1894, it would be no answer for him to say that such rents as he did collect were received by him merely as agent under an agreement between himself and his coexecutors, and that he was therefore accountable to them and not to the orphans' court. No agreement that was made or could have been made between him and his coexecutors would have the effect of relieving him from any of his official obligations as executor or trustee, or from accounting to the proper court, in the ordinary way, for all moneys of the estate received by him, etc. If we should hold that the common pleas has jurisdiction of the claim here presented, it would necessarily involve an inquiry as to defendant's receipts, disbursements, etc., quite as full and complete as that required in the orphans' court. The real issue evidently is one of accounting between the parties as coexecutors and cotrustees, and is therefore a proper subject of inquiry in the orphans' court which has exclusive cognizance of the matters involved. Any other practice would inevitably lead to confusion and conflicts of jurisdiction, which cannot be tolerated.

The orphans' court has ample power to afford all needed relief in the premises. Its authority is plenary, embracing as it does all the powers of a court of chancery. Under the act of 1832 it can require executors to give additional security; and on their failure to do so, it can remove them from office, require them to transfer the trust property, etc., and, if need be, enforce its mandates by proceedings for contempt. On proper showing that an executor is about to abscond, etc., or is wasting the trust property, ample remedy by attachment etc., is provided.

Without further elaboration, it is sufficient to say, we are clearly of opinion that the remedy sought to be enforced in this action is vested exclusively in the orphans' court, and hence the learned court below committed no error in sustaining the demurrer, for the second and third reasons assigned.

Judgment affirmed.