## Berkowitz's Estate (No. 2).

Argued April 14, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Wm. W. Hall,* with him *E. F. McGovern,* for appellant.

*Thomas M. Lewis,* with him *Max Rosenn,* for appellees.

PER CURIAM, May 11, 1942:

This appeal involves the adequacy of the compensation allowed for services of counsel in the estate of Bernard or Benjamin Berkowitz, deceased. The estate con-

sisted of real estate valued at $76,924.97 and personalty in the sum of $49,347.97, composed largely of cash and securities. In her first and partial account, filed July 16, 1937, Celia Berkowitz, the administratrix, who is also decedent's widow, claimed credit for the payment of counsel fees amounting to $6,000. Sarah Green and Rose Moskowitz, sisters of the decedent, excepted to the allowance of this sum, on the ground that it was "excessive, extravagant, unwarranted and otherwise contrary to law." After hearing on the exceptions, the orphans' court excluded certain items contained in the statement of counsel services submitted by the accountant, representing services rendered to her individually, and found, as to the items properly chargeable against the estate, that $2,500 was a fair and reasonable charge Accordingly, the court reduced the allowance for counsel fees to that figure, and this appeal by the accountant followed.

The fixing of fees for services of counsel in the settlement of an estate, or other matter under the eye of the court, rests largely in the judgment of the court below, and its decision will not ordinarily be disturbed on appeal. As said in *Good's Estate,* 150 Pa. 307, 310: "The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error." See also *Wood's Estate,* 272 Pa. 8, 12, 13; *Rambo's Estate,* 327 Pa. 258, 266; *Davidson's Estate,* 334 Pa. 389, 395. In the present case, our review of the record fails to convince us that the reduction to $2,500 is not fairly warranted by the reasons given by the court below, or that a palpable abuse of discretion has been shown.

Decree affirmed at appellant's cost.