## Mosicant Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*J. Leon Rabben,* for exceptant.

*Harry S. Abrams,* contra.

KLEIN, P. J., February 20, 1959.—Objection was made at the audit by Mr. Abrams, counsel for the guardians of three of the five minor remaindermen, to a credit of $1,230, taken in the account, for counsel fee to J. Leon Rabben, attorney for the executor. The auditing judge reduced the fee to $950 and Mr. Rabben has filed exceptions to this reduction in the compensation claimed by him.

Mr. Rabben, who is a highly regarded and respected member of our bar, has a very heavy burden to shoulder in order to sustain his position because of the well entrenched rule of law in this State that the responsibility for determining the amount of counsel fees rests primarily with the auditing judge. In Bickel Appeal, 388 Pa. 270, 276 (1957), the court reiterated this rule:

"In Good's Estate, 150 Pa. 307, 310, this Court stated: 'The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error . . .' Both Good's Estate and Rambo's Estate, 327 Pa. 258, 266, 193 A. 1, of similar import, have been cited with approval in Harton's Estate, 331 Pa. 507, 523, 1 A. 2d 292; Berkowitz's Estate (No. 2), 344 Pa. 485, 486, 26 A. 2d 295; Davidson's Estate, 334 Pa. 389, 395, 6 A. 2d 73, and Lare Estate, 368 Pa. 570, 84 A. 2d 334. In Rambo's Estate, supra, we said: 'This court has frequently held that the allowance or disallowance of counsel fees rests generally in the judgment of the court of the first instance and its decision will not be interfered with except for palpable error: . . .' "

We are in full agreement with the conclusion of the auditing judge that the services rendered in the present case were not of an unusual character. We believe the fee of $950 awarded to counsel to be entirely fair and reasonable, particularly in view of the fact that the estate consisted principally of cash found in a safe deposit box and on deposit in two banks and two Federal savings and loan associations.

An examination of the statement of services filed by Mr. Rabben at the audit clearly indicates that he was compelled, in this case, to do what a lawyer is too often called upon to do, viz., to assume, in addition to his own legal services, many of the administrative tasks, which under the law properly fall within the scope of the executor's responsibilities. The total compensation approved by the auditing judge for the ex-

ecutor and his counsel was, in our opinion, fair and generous. If counsel in this case has been underpaid, it follows that the executor has been overpaid. Mr. Rabben should look to the executor personally and not to the estate for the additional compensation he is seeking.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.