## Thompson Estate.

Argued November 29, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David F. Maxwell,* with him *Walter J. Collins, Jr.,* and *Obermayer, Rebmann, Maxwell and Hippel,* for appellant.

*Charles A. Woods, Jr.,* Deputy Attorney General, with him *Eugene J. Brew, Jr.,* Special Assistant Attorney General, and *Edward Friedman,* Attorney General, as parens patriae for charitable trusts.

OPINION BY MR. JUSTICE JONES, July 24, 1967:

The present appeal is from a decree of the Orphans' Court of Erie County which (a) reduced the claim of appellant-trustee (Lewis S. Mosher), compensation from $25,000 to $20,000 and (b) directed appellant-trustee to recover $40,489.33 of the fee he had paid to the attorneys who had represented him in his fiduciary capacity. Narrowly stated, the issue is whether the auditing judge abused his discretion in reducing the compensation claimed (a) by the fiduciary and (b) by his attorneys.

This is the second appeal involving the will of Robert M. Thompson (testator) to reach this Court. A detailed recital of the facts involving the will and codicil and the extensive litigation ensuing therefrom may be found in our opinion *Thompson Will,* 416 Pa. 249, 206 A. 2d 21 (1965). To avoid unnecessary repetition, we will simply highlight the more important and presently pertinent facts.

Testator died on March 21, 1963, leaving an estate of approximately $700,000 which estate he disposed of by will—concededly valid—dated September 16, 1959. The will appointed the present appellant-trustee execu-

tor and gave him the entire estate in trust for distribution "to and amongst such local charities as he shall determine in his sole discretion . . . ." In addition to the above mentioned will, a codicil dated April 26, 1962 was found. This codicil eliminated appellant-trustee from serving in any fiduciary capacity, appointed Bronte Greenwood, Esq., of Philadelphia, in his stead, revoked the residuary clauses of the 1959 will and, in lieu thereof, gave testator's residuary estate "unto [his] loyal and faithful friend, Myra Parkhurst, to be owned outright and in fee by her," and also gave Myra Parkhurst "the power to designate distribution therefrom to and amongst any charitable organizations she may desire and in any amounts she may desire." In addition, the codicil specifically provided "that her conduct in such designation shall not be questioned, nor shall she be required to make any such designation."

Both the 1959 will and the 1963 codicil were probated. Appellant-trustee—describing his capacity "not as executor but as beneficiary under the nineteenth paragraph [of the will] and as the party having the duty and authority to distribute the bulk of [testator's] estate among Erie charities"[1]—appealed from the probate of the codicil to the Orphans' Court of Erie County. The grounds of this appeal were: (a) at the time the codicil was executed, testator was not of sound mind; (b) the codicil was procured by undue influence. Preliminary objections to the petition challenging Mosher's *standing to appeal* from probate were sustained. In *Thompson Will*, supra, we upheld Mosher's *standing to appeal* and remanded the matter to the Orphans' Court of Erie County for further proceedings to determine the validity of the codicil.

After lengthy discussions, negotiations, and further hearings, the probate appeal was settled by stipulation

---

[1] Record p. 81a.

of all parties which provided that: (1) $329,490 be paid to Lewis S. Mosher for distribution among the local charities he selected,[2] subject however to the prior payment of his "lawful expenses, including counsel fees";[3] (2) the balance of residue be paid to Myra G. Parkhurst (now Betts).

While appellant-trustee's history of the case omits mention of it, the record reveals that, on August 20, 1965, appellant-trustee presented a petition to the orphans' court seeking approval of his own fees and that of his counsel. The lower court granted a rule to show cause returnable to the audit of the trustee's account.[4] Appellant-trustee filed his first and final account on January 7, 1966, which disclosed distribution of all sums due the charities (except a reserve of $8,773.72), payment of counsel fees of $131,796 to Dunn and Wolford, attorneys for the trustee, and of a trustee's commission of $25,000. The lower court, after noting the personal and professional difficulties faced by appellant-trustee and his counsel with respect to the will contest which had become a *cause celebre* in Erie County, reduced appellant-trustee's commission as trustee to $20,000 for the reason that Mosher was not entitled to full compensation since "this trustee [appellant] did not have all the normal duties of a trustee in administering this fund, since most of it was disbursed to the selected charities shortly after it was received by him."[5] Similarly, the lower court reduced the fees paid the trustee's counsel, determining that "the sum of ninety thousand dollars ($90,000) [was] a just, reasonable and equitable fee . . . ."[6]

---

[2] Certain other benefits were made payable to specific Erie charities.

[3] Record p. 135a.

[4] Record pp. 142a-144a.

[5] Record p. 212a.

[6] Record p. 217a.

Appellant-trustee preliminarily challenges the decree of the lower court on the ground that the court had neither the right nor power, on its own motion, to review and pass upon the trustee's compensation or that of his counsel. His position is that notice had been given to all parties, including the Attorney General as *parens patriae,* and that no party in interest had objected to the compensation and fees paid. To support his position, appellant-trustee points to letters received from St. Barnabas House, the residuary charitable beneficiary under the will, and interprets these letters as a blanket approval of the fees in dispute. Assuming, arguendo, that the language of these letters does sustain the broad interpretation given them by appellant-trustee and that no other party objected to the fees, the lower court still had the right to examine the amount of the fees *since appellant-trustee himself had requested the court to do so.* Appellant-trustee, as we have mentioned, petitioned the court for approval of these fees and, in effect, it was on his own motion that the lower court turned its attention to this question.[7] Now that the court has disapproved the amount of the fees, appellant-trustee contends that he had withdrawn the petition for approval and, therefore, he argues the court could not act on it. The answer to this is that nowhere in the record is there any evidence of any motion withdrawing the petition. Further, appellant-trustee cannot point to any time or place where he, either formally or informally, withdrew or even attempted to withdraw the petition. On the contrary, at the hearing on the petition itself, appellant-trustee

---

[7] It is interesting to note that when called to testify concerning the propriety of the counsel fee, one of the attorneys stated that he did not "appreciate" having to justify an hourly charge rate of $56.25. This prompted the following colloquy: "By the Court: Q. I'll tell you why, because you filed a petition asking the Court to accept these fees. A. That's all right . . . ." (R. 48a).

voluntarily offered it into evidence and produced testimony and documentary evidence in support of it. The court in passing upon the propriety of the amount of compensation for the trustee and his counsel did so because the appellant-trustee requested it to do so.

Moreover, the Orphans' Court of Erie County had both the power and the duty *on its own motion* to pass upon the reasonableness of the compensation claimed. An executor or a trustee is an officer of the orphans' court and accountable to such court for all his actions of commission and omission in the performance of his fiduciary duties; such duty to account embraces **all** payments made from estate or trust funds by way of compensation to himself or his counsel. See: Orphans' Court Act of 1951, Act of August 10, 1951, P. L. 1163, 20 P.S. §2080.301; Fiduciaries Act of 1949, Act of April 18, 1949, P. L. 512, §985, added July 25, 1963, P. L. 305, §1, 20 P.S. §320.985 (Pkt. Pts.) ; *Wallis Estate,* 421 Pa. 104, 110, 111, 218 A. 2d 732 (1966) ; *Scott Estate,* 418 Pa. 332, 335, 211 A. 2d 429 (1965). It was clearly within the competence of the orphans' court to determine the reasonableness of the compensation to be awarded the appellant-trustee and his counsel.

Appellant-trustee relies upon *Stitzel's Estate,* 221 Pa. 227, 230, 70 A. 749 (1908), for the proposition that a surcharge against an executor cannot be made for overpayment of compensation to the executor and/or his counsel absent an exception by some interested party before the court. *Stitzel,* for two reasons, is not apposite: (a) *Stitzel* was decided under statutory law[8] no longer applicable to counties having a separate orphans' court, such as Erie County. See: Fiduciaries Act of 1949, P. L. 512, §711, 20 P.S. §320.711; Fiduciaries Act of 1917, P. L. 447, §§47 (b), 47 (c), 20 P.S. (Appendix), §§841, 843; (b) in *Stitzel,* the sur-

---

[8] Act of April 14, 1835, P. L. 275.

charge was not imposed judicially, i.e., after notice and a hearing.

Having concluded that the lower court's inquiry into the reasonableness of the fees in dispute was eminently proper, we turn to an examination of the action of the court in reducing the trustee's commission and the counsel fees.

Our case law sets forth the criteria for determining the reasonableness of compensation to be awarded counsel for services to an estate or trust. "In fixing a fee for counsel for an estate certain factors must be considered: the services rendered, including consideration of the nature and difficulty of any problems involved, the responsibility incurred, the time expended, the size of the estate, the general experience of counsel, etc. [citing an authority]": *Fraiman Estate,* 408 Pa. 442, 448, 184 A. 2d 494 (1962). As to compensation for a fiduciary, both our statutory and case law spell out the criteria for passing upon the propriety of such compensation. "The court shall allow such compensation to the trustee as shall in the circumstances be reasonable and just, and may take into account the market value of the trust at the time of the allowance, and calculate such compensation on a graduated percentage." (Fiduciaries Act of 1949, §985, as added to by Act of 1963, P. L. 305, §1, 20 P.S. §320.985). *Wallis Estate,* 421 Pa. 104, 110, 111, 218 A. 2d 732 (1966) and authorities cited therein, in setting forth *circumstances* to be considered in fixing compensation, stressed the consideration to be given to "the extent and character of the work performed and the responsibility involved."

Primarily, the responsibility for passing upon the reasonableness of compensation to be awarded a fiduciary and/or counsel must be placed upon the orphans' court. Common sense demands the placement of such responsibility upon the court of first instance for it is

that court which observes and hears the witnesses and it is in a better position than an appellate court to know and become acquainted with the affairs of the trust or the estate and to acquire first hand knowledge of the services rendered and the responsibility incurred. "Fixing the amount of compensation is peculiarly within the discretion of the court below, which in most cases is better able to judge as to the reasonableness of such charges than the appellate court. *Unless such discretion is clearly abused the judgment of the court below will not be disturbed.*" (Emphasis added). *Williamson Estate*, 368 Pa. 343, 349, 82 A. 2d 49 (1951). See also: *Wallis Estate*, supra; *Mastria Estate*, 413 Pa. 278, 283, 196 A. 2d 653 (1964); *Fraiman Estate*, supra, p. 446; *Jones Estate*, 400 Pa. 545, 563, 564, 162 A. 2d 408 (1960); *Hanna Estate*, 383 Pa. 196, 198, 199, 117 A. 2d 730 (1955). Absent a showing of a clear abuse of discretion, this Court will not interfere with the fixing of compensation for a fiduciary and/or counsel by the orphans' court.

With this guideline in mind, we examine the instant record to determine whether the court below abused its discretion in reducing the compensation claimed by appellant-trustee and his counsel.

## Trustee's Commission

In passing upon the compensation claimed by appellant-trustee the court below readily acknowledged that appellant-trustee had expended considerable time and effort to maintain the integrity of the will of testator, that, in so doing, he had subjected himself to severe criticism from certain quarters, and that, had it not been for appellant-trustee's persistence and total commitment to his task, the charities would have received nothing. Beyond question, the record demonstrates that appellant-trustee, with great courage and

persistence, in the face of great odds and without any guarantee that even his expenses would be reimbursed, proceeded to protect the will of the testator, to carry out the directions and wishes of testator contained in that instrument and to ensure that the charities would receive their fair share of the estate. For his actions appellant-trustee deserves commendation.

However, when it comes to the question of the appropriate compensation to be paid to appellant-trustee, we must not lose sight of the fact that he is to be paid only in an amount commensurate with the services which he performed in connection with the administration of the trust. *In the Matter of Reisfeld,* 227 N.Y. 137, 140 (1919), Judge (later Mr. Justice) CARDOZO well expressed the duty of the court below: "the bargain must exhibit a measurable degree of providence in the adjustment of reward to service." The appellant-trustee did not perform to any great extent the duties of a "normal" trustee, such as administering the trust, investing and reinvesting of assets, collecting and disbursing income, etc. On the contrary, the efforts of appellant-trustee for the most part were directed to the protection of what he deemed the testator intended in the disposition of his estate and of the charitable objects of testator's bounty. Other than that —even though such efforts were considerable and praiseworthy—appellant-trustee, upon receipt of a share of testator's estate by way of the amicable settlement of the codicil contest, simply and immediately distributed that which he received to the charities. Insofar as his fiduciary services were concerned, the appellant-trustee acted as a conduit through whom the funds passed to the charities and he did not have to perform the usual administrative duties and assume the usual obligations of a "normal" trustee.

While we, had we been in the court below, might have been of the opinion that $20,000 was inadequate

in view of the extraordinary efforts of appellant-trustee to create a fund for the charities, yet we cannot find upon this record such an abuse of discretion upon the part of the court below as would justify us in concluding that the court erred in reducing the trustee's claim for compensation from $25,000 to $20,000. Under these circumstances, we have no other alternative than to affirm the lower court's decree in this respect.

## Counsel Fees

In December of 1963, appellant-trustee and his counsel agreed that the attorneys would be paid a contingent fee to be determined in accordance with the "ethics and rules" of the Erie County Bar Association.[9] The Erie County Minimum Fee Bill provides for a contingent-fee of "40% of the amount recovered in event of appeal to Appellate Court." After the will contest had been settled, appellant-trustee paid his counsel 40% of the recovery under the settlement ($131,796).

Appellant-trustee contends that the lower court was *bound* to accept the payment of fees made pursuant to the contingent-fee agreement. With this contention we do not agree. While contingent-fee agreements between counsel and fiduciaries may be entered into, any such agreement is always subject to approval by the Court. Canon 13 of the American Bar Association's Canons of Ethics provides: "A contract for a contingent fee, where sanctiond by law, should be reasonable under all the circumstances of the case, including the risk and uncertainty of the compensation, but *should always be subject to the supervision of a court, as to its reasonableness.*" (Emphasis added).

Court approval and review of contingent-fee agreements is even more appropriate where a fiduciary is

---

[9] It may be noted that this agreement was not presented to the court for approval.

involved. Appellant-trustee is acting under the misapprehension that a trustee, acting under a will for unnamed charities to be selected by him, can bind not only the charities but the court as well by entering into a contract for counsel fees on a contingent basis. A trustee is an officer of the court and, as we have previously observed, all of his acts of omission or commission are subject to the scrutiny and control of the orphans' court. See: *Wilson v. Board of Directors of City Trusts*, 324 Pa. 545, 188 A. 588 (1936); *Lafferty v. Corcoran*, 180 Pa. 309, 36 A. 860 (1897). The court has the power and the duty to examine any contract entered into by a trustee and is not bound by the terms of such agreements if the court is of the opinion such agreements are unreasonable or improper.

Parenthetically, it should be noted that the Erie County Minimum Fee provides for a contingent-fee of "40% of the amount recovered *in event of appeal to Appellate Court*." (Emphasis added). The amount received in the case at bar was obtained through settlement. There was never an appeal to an Appellate Court *on the merits of the codicil contest*. Granted that appellant-trustee was before our Court previously, it must be noted that that appeal presented a very narrow—though extremely important—issue, i.e., the question of standing to appeal. The codicil contest was never presented on its merits. Thus, there would seem to be a serious question as to whether or not the contingent-fee would be payable under the facts presented herein.

Since the auditing judge was not bound by the agreement between appellant-trustee and his attorneys, did the court abuse its discretion in reducing the attorneys' fee? It is a "well entrenched rule of law in this State that the responsibility for determining the amount of counsel fees rests primarily with the auditing judge.": *Mosicant Estate*, 16 Pa. D. & C. 2d 66 (1959), *Bic-*

282

kel Appeal, 388 Pa. 270, 130 A. 2d 498 (1957) affirms this: "In Good's Estate, 150 Pa. 307, 310, this Court stated: 'The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error . . . .' Both Good's Estate and Rambo's Estate, 327 Pa. 258, 266, 193 A. 1, of similar import, have been cited with approval in Harton's Estate, 331 Pa. 507, 523, 1 A. 2d 292; Berkowitz's Estate (No. 2), 344 Pa. 485, 486, 26 A. 2d 295; Davidson's Estate, 334 Pa. 389, 395, 6 A. 2d 73, and Lare Estate, 368 Pa. 570, 84 A. 2d 334. In Rambo's Estate, supra, we said: 'This court has frequently held that the allowance or disallowance of counsel fees rests generally in the judgment of the court of the first instance and its decision will not be interfered with except for palpable error:' . . . ." (pp. 276, 277).

Our examination of the instant record leads us to conclude that the auditing judge did not abuse his discretion in reducing the attorneys' fees from $131,796 to $90,000. In so concluding, we are fully cognizant of the yeoman job done by counsel and that for the better part of two years they were engaged almost continually with the present litigation and were subjected to a great deal of criticism for the role they played in maintaining the integrity of testator's will. Cognizant of all these facts, however, we are not convinced that the lower court's determination was incorrect. We conclude that $90,000 was a just and reasonable compensation for the efforts of appellant-trustee's counsel and that the action of the court below in fixing such fee was proper.

Decree affirmed. Costs on appellant.