## Hughes Estate

*Milton Borowsky* and *Franklin R. Bigham,* for petitioner.

MacPHAIL, P. J., November 29, 1972.—There is before the court for disposition a petition for the approval of a compromise settlement and distribution of the proceeds thereof. The petition alleges that a settlement has been effected of a claim arising out of the

death of petitioner's husband who was a crew member of a merchant vessel which exploded while en route from the State of Washington to Danang, South Vietnam. The tragic accident occurred December 26, 1969.

Subsequent to her husband's death, petitioner employed the services of Philadelphia counsel, specialists in admiralty law, to represent her interest and the interest of her minor child. She entered into a contingent fee contract with counsel which provided for the reimbursement of costs incurred by counsel and the payment of one-third of the recovery to the law firm as their fee. Counsel succeeded in achieving the settlement which is now before us for approval.

The settlement is a substantial one, totalling $284,-250. It is proposed by petitioner that the net proceeds be allocated two-thirds to petitioner and one-third to her minor child. It is further proposed that the sum of $950 be reimbursed to the law firm for costs expended and that $94,437.33 be paid to the law firm as its fee.

Prior to the presentation of the petition, a guardian for the minor's estate was appointed, which guardian joined and consented in the petition and the prayer thereof. A hearing was fixed and the testimony of petitioner was taken in open court. It appears from that testimony that petitioner is now 30 years old and a high school graduate, that her daughter is five years of age, that petitioner has since remarried, and that both she and her daughter now reside with her present husband. Petitioner stated that she is satisfied with the amount of the settlement offer, the payment of the bill for costs, the amount of the legal fee, and the proposed allocation of the net proceeds. Petitioner further testified that she was in good health except for a lung problem, a subject upon which she did not elaborate, and that her daughter was in good health.

Counsel for petitioner has submitted an extensive and very helpful memorandum to the court, pointing out the controlling law in this case. After deliberating upon the matter, we deemed it appropriate to appoint a guardian ad litem for the minor child, notwithstanding the fact that her mother represented her as trustee ad litem and that a corporate guardian had been appointed to administer her estate. The guardian ad litem, who interviewed both petitioner and the minor, has filed a report expressing his approval of the settlement amount, the division of the proceeds and the amount of the counsel fees.

While we are not bound by all of the approvals in this case, neither can we disregard them. The settlement is substantial, perhaps the largest that has come before this court for approval. The risk of recovering something less than the amount achieved by the settlement was a serious one. We have no difficulty in approving the amount of the settlement.

Concerning the apportionment of the damages between the widow and her child, we appear to be bound by Federal law by reason of the fact that the recovery was under Federal law: Lindgren v. United States, 281 U.S. 38, 74 L. Ed. 686 (1930). The Death on the High Seas Act of March 30, 1920, 41 Stat. 537, 46 U.S.C. 761, et seq., provides that the measure of damages shall be fair compensation for the "pecuniary loss sustained by the persons for whose benefit the suit is brought" (46 U.S.C. 762). The Jones Act of March 4, 1915, 38 Stat. 1185, as amended, 46 U.S.C. 688, has been uniformly interpreted to provide for the same measure of damages. In the present case, the period of dependency, based on the life expectancy of the widow and the length of time between the age of the child at the time of her father's death and age 18, were used to determine pecuniary loss. There is some case law to

support such a procedure. See Southern Steamship Company's Petition, 135 F. Supp. 358 (D. Del., 1955), and Chermesino v. Vessel Judith Lee Rose, Inc., 211 F. Supp. 36 (D. Mass., 1962). Such a rule is contrary, of course, to wrongful death actions brought under the Pennsylvania Wrongful Death Act of April 15, 1851, P. L. 669, 12 PS §1601, et seq., where damages are apportioned according to the shares the heirs would have received had the decedent died intestate. If Pennsylvania law is applied, the widow and child here would share equally in the damages. Since this settlement was achieved without the institution of a wrongful death action under Pennsylvania law, then the provisions of that statute with respect to the apportionment of damages would not be controlling upon us. While the length of dependency test is not without its problems, e.g., the remarriage of the widow, it does seem to provide a reasonable yardstick, one that is at least as good, and perhaps better, than the Pennsylvania rule.

Without doubt, our greatest problem is with the attorney's fee, particularly that portion thereof chargeable to the minor's estate. Contingent fees are seldom, if ever, understood by the public generally and, hopefully, some substitute for them will be devised in the near future. Under present law, agreements to pay fees based on a fraction of the recovery have not been declared illegal in the type of case now before us. Contingency fees based on one-third of the recovery have been approved by our Pennsylvania Supreme Court: Richette v. Pennsylvania Railroad, 410 Pa. 6 (1963). On the other hand, unless the fee is fair and reasonable, irrespective of the agreement, we are not bound to approve it: Thompson Estate, 426 Pa. 270 (1967). In determining what is fair and reasonable, we must consider the services rendered, the nature of the dif-

ficulties of any problems involved, the responsibility incurred, the time expended, the amount involved and the general experience of counsel: Thompson Estate, supra.

In this case, we have a complicated admiralty claim pursued by competent experienced counsel over a period of two years. The problems were serious, the responsibility was great. Counsel made extended trips to distant places in the preparation of their case. They have achieved a very satisfactory result for their clients. As was said by Justice Musmanno in the Richette case, supra, (pages 22-23): . . . "While such a percentage [one-third] is a rather generous portion of whatever is obtained by verdict or settlement, the law has not indicated in any way that such a percentage is excessive." We conclude that *under the unusual circumstances of this case* the fee is fair and reasonable.

While we have given some thought to imposing all or the major portion of this fee upon petitioner's share of the recovery, we feel that to do so would not be fair to petitioner who, through good advice or sound judgment, or both, undertook to protect the legal interest of her child as well as herself by pursuing an aggressive course of action. Had she failed or refused to do so, the child would have received nothing. Therefore, we will approve the assessment of counsel fees against the gross amount of the recovery.

## ORDER OF COURT

And now, November 29, 1972, it is ordered that the petition of Nancy R. Hughes be and the same is hereby granted and that the offer of settlement in the gross amount of $290,000, $145,000 of which is to be paid by

the United States of America, and $139,250 to be paid by States Marine Lines, Inc., in addition to reimbursement to the war risk insurance underwriters in the sum of $5,750, or a net settlement to the estate in the sum of $284,250 is hereby approved, and it is further ordered that the contingent fee agreement entered into between petitioner and her attorneys providing for a contingent fee of 33⅓ percent of all sums recovered after reimbursement of costs is hereby approved, and it is

Further ordered that petitioner's attorneys, Messrs. Freedman, Borowsky & Lorry, be reimbursed in the sum of $935 for costs incurred on behalf of petitioner, and it is

Further ordered that Nancy R. Hughes, petitioner, be and hereby is authorized to execute all appropriate releases, dismissals, satisfactions of judgment and associated documents in order to complete the above-stated settlement, and it is

Further ordered that the allocation of the net amount of the consideration for the compromise settlement, after the payment of counsel fees in the total sum of $94,437.33 shall be allocated between petitioner in her own right and her minor child as follows:

Nancy R. Hughes, in her own right    $125,918.45
Jennifer Elizabeth Hughes, a minor    $ 62,959.22

And it is further ordered and decreed that the above sum allocable to Jennifer Elizabeth Hughes, a minor, be paid to the Adams County National Bank, as guardian of the estate of the minor, Jennifer Elizabeth Hughes, and that the said guardian be and it is hereby authorized and directed to pay from said minor's estate the sum of $250 to Gary E. Hartman, Esq., guardian ad litem for the minor, as compensation for the preparation and filing of his report in the within matter.