## Serfass Estate

Charles T. Noonan, for accountant.
C. Glendon Frank, Deputy Attorney General, for exceptant.

HEIMBACH, P. J., December 10, 1976—The Attorney General of the Commonwealth of Pennsylvania, invoking the principle of parens patriae for the number of charitable beneficiaries under the will of the above-named decedent, filed exceptions to the first and final account of the First National Bank of Allentown, Pa., Executor of the Estate of Byron H. Serfass, deceased. Specifically, he objects to an allowance of counsel fees of $4,437.72 as being excessive and unreasonable in view of the probate estate assets being in the amount of $40,931.30, consisting of 2,728.897 shares of Investors Mutual, Inc. stock surrendered for $21,371.84; 2,231 shares Investors Selective Fund, Inc. stock surrendered for $19,320.46; and a U. S. Treasury refund on 1974 income tax in the amount of $239.

We agree.

Prior to exceptions being filed, we requested and obtained from counsel a breakdown of his charges. We, at his request, accepted his accompanying memorandum in lieu of taking any testimony. His breakdown shows a charge at the rate of six percent on the first $25,000 of probate assets and a charge of five percent on the next $15,931.30. In addition, he seeks to recover $1,791.16 for his "responsibility as to the work involved in the death taxation of, and the transfer and collection or distribution of, assets not part of the probate estate, but reflected on the Federal estate tax return," and

$350 for a "fee for mathematical and legal verification of the Federal estate tax return prepared by the corporate fiduciary."

We hold these latter charges are not the responsibility of the estate nor properly chargeable against it. We do not pass upon the reasonableness of such charges nor who is chargeable for them.

Counsel has not brought to our attention any extraordinary or unusual services performed by him in the settlement of subject estate. In such event, by custom and prior to the revocation of the Carbon County fee bill, counsel fees based on probate assets of five percent, except where extraordinary or unusual services were involved, met the standards of a fair and reasonable fee. Nothwithstanding exceptant's willingness that the fee allowed exceed the customary rate of five percent, we accept our duty to determine what reasonable compensation should be allowed, Thompson Estate, 426 Pa. 270, 276, 232 A.2d 625 (1967), and fix a fee of five percent of the probate assets.

Wherefore, we enter the following

## ORDER

Now, December 11, 1976, the exceptions of the Attorney General are sustained and the executor shall be allowed a credit for counsel fees in the amount of $2,046.56, being five percent of the probate assets.

The account as presented, with this adjustment, is confirmed nisi and, unless exceptions are filed thereto sec. reg., the clerk is hereby directed to mark the same confirmed absolutely, whereupon the proposed schedule of distribution, as increased by the disallowed credit for counsel fees, shall stand as a court order of distribution.