In the Matter of:  Condemnation by Urban Re-development Authority of Pittsburgh of Certain Lands in the Twenty-First Ward of the City of Pittsburgh, Etc.

Urban Redevelopment Authority of Pittsburgh, Appellant *v.* William E. Kristoff and Mary Jane Kristoff, or any Other Persons Found to Have an Interest in the Property, Appellees.

Argued May 5, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MAC-PHAIL, sitting as a panel of three.

*Marion E. Popiel,* for appellant.

*William P. Bresnahan, Bresnahan & Caputo,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., November 9, 1982:

The Urban Redevelopment Authority of Pittsburgh (Authority) has appealed from an order of the Court of Common Pleas of Allegheny County awarding $19,581.25 as an attorney fee in an eminent domain case.

In April 1976, William E. Kristoff and Mary Jane Kristoff (Kristoffs), the appellees herein, filed in the Court of Common Pleas of Allegheny County a petition for the appointment of a board of viewers under the Eminent Domain Code (Code).[1] The peti-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101 *et seq.*

tion, filed pursuant to Section 502(e) of the Code,[2] asserted that the Authority had committed a de facto taking of 8 properties owned by the Kristoffs. The petition was granted by the court.[3]

After viewing the properties involved and hearing testimony, the board of viewers on July 13, 1977 awarded the Kristoffs $40,000 in damages. In August 1977, the Authority appealed the viewers' award to the Court of Common Pleas of Allegheny County, and demanded a jury trial. On August 15, 1978, prior to trial of the appeal, the Authority paid the Kristoffs the sum of $31,500 as estimated just compensation.

By subsequent agreement of the parties, the demand for a jury trial was waived; and the case was heard by Judge RAYMOND L. SCHEIB. On September 9, 1980, Judge SCHEIB entered an order awarding the Kristoffs $40,000 in general damages and $4,200 for the reimbursement of appraisal fees. Additionally, the court awarded them $7,562.50 as delay compensation.

Also on September 9, 1980, Judge SCHEIB conducted a hearing relative to an application by the Kristoffs for an attorney fee under Section 609 of the Code.[4] In that proceeding the condemnees requested an attorney fee in the amount of $23,781.25, which equaled one-half of their total recovery exclusive of the reimbursed appraisal expenses. The basis for the claim of an attorney fee in that amount was the fact that, prior to litigation, the Kristoffs had given their attorney a 50% contingent fee agreement. On September 12, 1980, Judge SCHEIB issued

---

[2] 26 P.S. §1-502(e).

[3] According to the opinion of the trial court in this case, the Authority filed preliminary objections to the appointment of viewers, and the objections were dismissed.

[4] 26 P.S. §1-609.

an order granting the Kristoffs $19,581.25 as a reasonable attorney fee, under Section 609.

The Authority, on September 29, 1980, filed a motion for a new trial. The motion was directed solely to the issue of the attorney fee. On June 2, 1981, Judge SCHEIB denied the motion and ordered the entry of judgment. The Authority's appeal to this Court followed.

As indicated, the only issue in this appeal is the attorney fee awarded to the condemnees by the court below. Section 609 of the Code provides as follows:

Where proceedings are instituted by a condemnee under [S]ection 502(e), a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement of *reasonable* appraisal, attorney and engineering fees and other costs and expenses actually incurred. (Emphasis added.)

The trial court, in its written opinion, stated that: "Under all the circumstances we conclude that the attorney's fees awarded were fair and reasonable." Although the court's opinion mentioned the contingent fee agreement, the court clearly indicated that its attorney-fee award was based on a view of what was a reasonable fee under the circumstances of the case.

The Authority's lone argument in this appeal is that the award in question was based simply on the contingent fee agreement, and that such was error. As an initial matter, in that respect, it is to be noted that there is a difference between the percentage awarded by the court and the percentage called for by the agreement, albeit only a slight difference. Even had the trial court's award equaled the amount called for by the agreement, there is nothing that automatically precludes a contingent-fee percentage

from producing a circumstantially reasonable amount. The important consideration in this appeal is the trial court's statement that its award was based on *"all the circumstances"* of the case below.

It is well established that the reasonableness of an attorney fee is a matter for the sound discretion of the trial court and can be disturbed by an appellate court only when there is a clear abuse of discretion. *La Rocca Estate,* 431 Pa. 542, 246 A.2d 337 (1968); *Thompson Estate,* 426 Pa. 270, 232 A.2d 625 (1967); *Kelmo Enterprises, Inc. v. Commercial Union Insurance Co.,* 285 Pa. Superior Ct. 13, 426 A.2d 680 (1981). The trial court's judgment in the instant case comes to us with a presumption of correctness. *Baughman's Estate,* 281 Pa. 23, 126 A. 58 (1924). The appellant herein has in no way demonstrated that the trial court committed an abuse of discretion relative to the attorney fee awarded. Absent such a showing, we will not interfere with the award. *Thompson Estate.*

For the reasons set forth, the order of the lower court is affirmed.

ORDER

AND Now, the 9th day of November, 1982, the order of the Court of Common Pleas of Allegheny County, Civil Division, dated June 2, 1981, at No. GD76-8299, is affirmed.