## ESTATE OF W. M. KENNEDY, DECEASED.

APPEAL BY GEORGE C. PIERIE ET AL. FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued March 24, 1891—Decided April 13, 1891.

(*a*) A cestui que trust applied to the trustees for information as to the assets of the trust-estate, which was declined. An account having been settled, she filed exceptions resulting in an audit and re-statement of the account, rendered proper if not necessary for information as to the condition of the estate not to be obtained from the account as originally filed:

1. Although the rule is that where exceptions are filed in the Orphans' Court, to the account of an executor, administrator or trustee, the exceptant is not entitled to an allowance of counsel fees out of the fund, yet, under the peculiar facts of the present case, a decree allowing counsel fees and the expense of procuring a copy of the account is affirmed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 192 July Term 1890, Sup. Ct.; court below, number and term not shown.

Adjudication.

On February 4 and March 4, 1890, the account of George G. Pierie, trustee under the will of William M. Kennedy, deceased, was called for audit before PENROSE, J.

On March 12, 1890, an adjudication was filed, which, after finding that the account seemed to have been filed "as the result of an application by Mrs. Eliza O. DeCoursey to the trustees, for information with regard to certain matters relating to the estate which, at the time, they declined to give her in the shape, at least, in which it was asked for," and after passing upon twenty-one exceptions* to the account, filed by Mrs. Eliza O. DeCoursey, one of the thirty-two beneficiaries under the will of the deceased, proceeded:

Mr. Junkin asked that an allowance should be made to Mrs. DeCoursey for expenses incurred by her, incidental to the settlement of the account and its due adjudication, viz., for a copy of the account for purpose of preparation of exceptions, $15.25, and counsel fees, $50.

The power of a court of equity to order compensation to counsel, out of a fund for distribution or in course of administration, is well settled. As was said by Justice SHARSWOOD, in Freeman v. Shreve, 86 Pa. 138, such compensation is often ordered "to the counsel of a losing party who is decreed to have no interest, on the equitable ground that, being a necessary party, he was compelled to litigate, or had sufficient reason. It is a charge which the fund ought in equity and good conscience to bear." See also Daniell's Ch. Pr., 1415; Hicks v. Wrench, 6 Mad. 93; Collins v. Townley, 21 N. J. Eq. 353.

In Trustees v. Greenough, 105 U. S. 527, it was held that

---

* These exceptions as filed were prefaced by correspondence had by the exceptant, beginning with a letter to one of the trustees dated June 3, 1889, asking for a list of the securities belonging to "Uncle William's estate," and for his opinion as to the probable market value of such of the assets as were not often quoted, and the rate of dividend or interest the securities were paying. In a reply to this letter, the exceptant was referred to the actuary of the estate. She wrote to the actuary on June 8th, stating very specifically the subject upon which she desired information. The actuary replied, on June 10th, as follows: "I do not consider that I have any authority to furnish you with the list for which you ask, and hence I am obliged to decline to do so." Other correspondence followed before the account was filed.

Adjudication.

one jointly interested with others in a common fund, who, in good faith maintains the necessary litigation to save it from waste and secure its proper application, is entitled in equity to the reimbursement of his costs, as between solicitor and client, either out of the fund itself, or by proportionate contributions from those who receive the benefit of the litigation. The subject is exhaustively discussed, in that case, by Judge BRADLEY, who refers to many authorities.

In Twist v. Babcock, 48 Mich. 513, it was held in an opinion concurred in by Judge COOLEY, that an heir-at-law, filing a bill for information with regard to the estate, and seeking to set aside transfers made by the ancestor which were supposed to have been brought about by fraud or undue influence, was entitled to costs even though failing to establish a right to the relief asked for.

Our own court has, in numerous instances, acted on this principle: Willits's Est., 20 W. N. 24; Dundas's Est., 16 W. N. 459; Neill's Est., 19 W. N. 380.

It cannot be pretended, in the present case, that Mrs. DeCoursey did not act in good faith. She was entitled to the information which she asked for; and under the provisions of the will, her exceptions were necessary in order to permit the court to investigate and settle the account. The investigation was pre-eminently proper, and all parties, accountants as well as beneficiaries, will be benefited by it. Some of the exceptions relate to the preservation of the principal of the estate; and, by reason of the litigation, information has been obtained and put upon the record which might otherwise have been lost or at least made very difficult to secure. In view of the length of time that the trust may continue, this is a matter of great importance.

The auditing judge is of opinion that the allowance asked for should be granted, payable as to one half out of principal and the other out of income.

—The accountants and the cestuis que trust other than Mrs. DeCoursey excepted to the foregoing adjudication, in so far as it related to the allowance to Mrs. DeCoursey of the sum of $65.25, being for the fee of her counsel and for the expense of a copy of the account for her own use.

Arguments.

Said exception having been argued before the court in banc, HANNA, P. J., on June 21, 1890, filed the following opinion:

The subject of the exceptions has been so carefully considered by the auditing judge, that it is unnecessary to add anything to what is so well said by him. We think the equitable principle which governs the conclusion reached by him cannot well be disputed, and its application in the present instance seems to us to be entirely proper. There is no danger of its being considered a precedent attended with prejudice to parties interested in estates, for that is always a subject within the control of the court. The parties now complaining are not and cannot be prejudiced by the conclusion reached, for the reason that the account, as prepared under the direction of the auditing judge, furnishes them with that information of the condition and assets of the estate to which they are entitled and which they would not otherwise have been able to gather from the account as originally filed. It is now a matter of record as well for their present as future guidance. It has been obtained through the efforts of one of the parties interested, the exceptant. The correctness of the account and the benefit they have thus realized through her action, and the skill and services rendered by her counsel being a matter of mutual advantage and interest, in equity should be compensated for by them in proportion to their respective interests. If this did not appear, there would be no occasion to charge the general fund with the allowance made by the auditing judge. For the reasons mentioned, we think the exceptions should be dismissed and adjudication confirmed.

—Thereupon the trustees and the cestuis que trust, other than Mrs. DeCoursey, took this appeal, specifying the dismissal of their exception and the confirmation of the adjudication for error.

*Mr. John Sparhawk, Jr.*, for the appellants.

Counsel cited: Snyder's App., 54 Pa. 67; Grubbs' App., 82 Pa. 29; Fidelity Co.'s App., 108 Pa. 339; Stephens's App., 56 Pa. 409.

*Mr. George Junkin*, for the appellee.

PER CURIAM:

This is a small case, so far as the amount in controversy is concerned, and a close one upon the law. It involves merely a fee of fifty dollars to the counsel for the exceptant, and a charge of $15.25 for a copy of the account. Both were allowed by the court below, and under the peculiar circumstances of the case we have concluded to affirm the decree. The court held that the investigation was proper, if not necessary, and that it was for the benefit of all the beneficiaries, and not of the appellee alone. The request for information contained in the letter of the appellee to one of the trustees, dated June 3, 1889, was proper in substance and courteous in form. The trustee referred her to the actuary of the estate. A proper letter, addressed to him for the information, was met with a flat refusal. This proceeding naturally followed, and, for anything that appears upon the record, was the only means by which the information could have been obtained as to the condition of the estate.

We are of opinion, therefore, that the decree should be affirmed upon the peculiar facts stated in the opinion of the court below. At the same time it must not be drawn into a precedent for the broad doctrine that, where exceptions are filed to the account of an executor, administrator, or trustee, in the Orphans' Court, the exceptant is entitled to an allowance for counsel fees out of the fund. The rule in such cases is that the exceptant must pay his own counsel. That it was not regarded as a precedent by the court below, appears by the following well-considered language of the learned judge who delivered the opinion:

" There is no danger of it being considered a precedent attended with prejudice to parties interested in estates, for that is always a subject within the control of the court. The parties now complaining are not and cannot be prejudiced by the conclusion reached, for the reason that the account, as prepared under the direction of the auditing judge, furnishes them with that information of the condition and assets of the estate to which they are entitled and which they would not otherwise have been able to gather from the account as originally filed."

Decree affirmed, and the appeal dismissed, at the costs of the appellants.