J-A30009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: WILLIAM G. KAMMERER T/U/W FBO JEANNE KAMMERER STEFL CONSOLIDATED WITH SUSAN J. KAMMERER, MELINDA J. MCGUIGAN, AND HARRY S. KAMMERER, EACH INDIVIDUALLY AND AS A SHAREHOLDER OF CHARTIERS LAND COMPANY AND ON BEHALF OF CHARTIERS LAND COMPANY : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| : : : : | No. 433 WDA 2018 |
| v. : : : : | |
| WILLIAM J. KAMMERER, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER AND DIRECTOR OF CHARTIERS LAND COMPANY; AND CHARTIERS LAND COMPANY, A PENNSYLVANIA CORPORATION, AND ROBIN KAMMERER; WILLIAM G. KAMMERER, III; ADRIAN J. KAMMERER; LINDSAY J. MOORE; SAM COSTANZO; DENNIS E. KAUFMAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF ARLENE R. KAUFMAN; PNC BANK, N.A., AS TRUSTEE OF THE MCKINLEY TRUST PURSUANT TO PARAGRAPH SECOND OF THE LAST WILL AND TESTAMENT OF ROBERT B. MCKINLEY; DAVID R. BAYSEK; MARY ANN HEID; EDWARD L. BAYSEK, JR; MELLON BANK, N.A., TRUSTEE FOR THE FUND B DAVID R. BAYSEK TRUST CREATED UNDER PARAGRAPH FOURTH OF THE LAST WILL AND TESTAMENT OF EDWARD L. BAYSEK; MELLON BANK, N.A. TRUSTEE FOR THE FUND B MARY ANN HEID TRUST CREATED UNDER PARAGRAPH : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |

FOURTH OF THE LAST WILL AND : 
TESTAMENT OF EDWARD L. BAYSEK; : 
MELLON BANK, N.A. TRUSTEE FOR : 
THE FUND B EDWARD L. BAYSEK JR., : 
TRUST CREATED UNDER PARAGRAPH : 
FOURTH OF THE LAST WILL AND : 
TESTAMENT OF EDWARD L. BAYSEK; : 
RICCI A. MINELLA, EXECUTOR OF : 
THE ESTATE OF VICTORIA T. : 
MINELLA; MARY KAY SCHMIDT; : 
GEORGE LAUER, AS SUCCESSOR IN : 
INTEREST, AND ANY OTHER : 
SUCCESSOR IN INTEREST TO THE : 
ESTATE OF C.A. LAUER, AND : 
CARROLL STEVENS ADAMS, AS : 
SUCCESSOR IN INTEREST TO : 
GEORGE STEVENS : 
 : 
 : 
APPEAL OF: SUSAN J. KAMMERER, : 
MELINDA J. MCGUIGAN, AND HARRY : 
S. KAMMERER, EACH INDIVIDUALLY : 
AND AS A SHAREHOLDER OF : 
CHARTIERS LAND COMPANY AND ON : 
BEHALF OF CHARTIERS LAND : 
COMPANY : 

Appeal from the Order March 19, 2018
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 02-80-3777

IN RE: WILLIAM G. KAMMERER : IN THE SUPERIOR COURT OF
T/U/W FBO JEANNE KAMMERER : PENNSYLVANIA
STEFL CONSOLIDATED WITH SUSAN : 
J. KAMMERER, MELINDA J. : 
MCGUIGAN, AND HARRY S. : 
KAMMERER, EACH INDIVIDUALLY : 
AND AS A SHAREHOLDER OF : 
CHARTIERS LAND COMPANY AND ON : 
BEHALF OF CHARTIERS LAND : No. 462 WDA 2018
COMPANY : 
 : 
 :

|  |  |
|---|---|
| v. | : |
|  | : |
| WILLIAM G. KAMMERER, JR., | : |
| INDIVIDUALLY AND IN HIS OFFICIAL | : |
| CAPACITY AS AN OFFICER AND | : |
| DIRECTOR OF CHARTIERS LAND | : |
| COMPANY; AND CHARTIERS LAND | : |
| COMPANY, A PENNSYLVANIA | : |
| CORPORATION. | : |
|  | : |
|  | : |
|  | : |
| v. | : |
|  | : |
|  | : |
| ROBIN KAMMERER; WILLIAM | : |
| G.KAMMERER, III; ADRIAN J. | : |
| KAMMERER; LINDSAY J. MOORE; | : |
| SAM COSTANZO, ARLENE R. | : |
| KAUFMAN; THE ESTATE OF ROBERT | : |
| B. MCKINLEY, VICTORIA MINELLA, | : |
| MARY KAY SCHMIDT, THE ESTATE | : |
| OF C.A. LAUER, THE ESTATE OF | : |
| GEORGE STEVENS, AND THE ESTATE | : |
| OF EDWARD L. BAYSEK | : |
|  | : |
|  | : |
|  | : |
| APPEAL OF: ROBIN KAMMERER, | : |
| WILLIAM G. KAMMERER, III, ADRIAN | : |
| J. KAMMERER AND LINDSAY J. | : |
| MOORE | : |

Appeal from the Order Entered March 19, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. 02-80-3777

BEFORE:   SHOGAN, J., KUNSELMAN, J., and STRASSBURGER[*], J.

---

[*]  Retired Senior Judge assigned to the Superior Court.

- 3 -

MEMORANDUM BY SHOGAN, J.: **FILED MAY 01, 2019**

In these consolidated actions, siblings Harry Kammerer, Melinda McGuigan, Susan Kammerer (collectively "Shareholders"), and William Kammerer ("William"), individually and as an officer and director of the privately held corporation known as Chartiers Land Company ("CLC"), cross-appeal the judgment entered by the Court of Common Pleas of Allegheny County Orphans' Court on March 19, 2018. Upon review, we reverse in part and affirm in part.

This appeal stems from Shareholders filing two actions, one in the Allegheny County Court of Common Pleas Civil Division on January 16, 2016, at docket number 15-23266 ("declaratory judgment action"), and one in the Allegheny County Court of Common Pleas Orphans' Court Division on June 16, 2016, at docket number 02-80-3777. The civil complaint set forth a count for declaratory judgment and a count for breach of fiduciary duty, naming CLC and William, individually and as an officer and director of CLC. In their orphans' court complaint, Shareholders challenged the first and final account ("the Account") submitted on behalf of a trust ("Trust B") established by William G. Kammerer, Sr., the sibling parties' father, for the benefit of his wife, Jeanne Kammerer Stefl, the mother of Shareholders and William ("Mother"). William was a co-trustee of Trust B. By agreement, the cases were consolidated on the orphans' court docket. The orphans' court allowed additional discovery to identify and join parties deemed to be indispensable to

- 4 -

the declaratory judgment action. The indispensable parties included William's wife and his three adult children.

The orphans' court held an evidentiary hearing on August 29 and 30, 2017, and thereafter accepted proposed findings of fact and conclusions of law. On October 6, 2018, the orphans' court entered a decree, finding, *inter alia*,[1] that William had breached his fiduciary duty and that an award of "costs of record and reasonable counsel fees" was appropriate. Following a fee-petition procedure,[2] the orphans' court awarded Susan and Melinda reasonable counsel fees, expenses, and costs (collectively "counsel fees") based on amounts set forth in the parties' fee stipulation;[3] however, it denied CLC counsel fees for the defense of William, his wife, and his adult children. Order, 3/19/18, at ¶¶ 2, 3. Additionally, the orphans' court entered judgment against William for the counsel fees. *Id.* at ¶ 4. Shareholders appealed on

---

[1] On the individual claims, the orphans' court found in favor of Susan and Melinda, but it ruled that Harry's claims were time-barred. Orphans' Court Opinion, 1/11/18, at 10, 14.

[2] Susan and Melinda filed a fee petition regarding their counsel fees, costs, and expenses on October 25, 2017, and by leave of court, they filed a supplemental fee petition regarding CLC's counsel fees, costs, and expenses. Order, 1/19/18.

[3] Shareholders incurred $205,993.57 in legal fees, $16,456.02 in expenses, and $165.83 in costs of record. Fee Petition Stipulation, 2/5/18, at 3–5. CLC incurred $200,183.50 in legal fees, $4,204.32 in expenses, and $235.50 in costs. *Id.* at 6–8.

CLC's behalf. William cross-appealed. All parties and the orphans' court complied with Pa.R.A.P. 1925.

On appeal, Shareholders and William challenge the award of counsel fees. Initially, we address Shareholders' argument that William waived any claim that the orphans' court lacked legal authority to award counsel fees. Shareholders' Second Brief at 5. According to Shareholders, although William filed a timely appeal from the October 6, 2017 decision in the declaratory judgment action, William did not "raise the issue of the [orphans' court's] legal authority to award counsel fees in either of the [b]riefs that he filed in that separate appeal. As such, William has waived the issue." *Id.*

In response, William argues that the October 6, 2017 order did not award counsel fees; rather, it "explicitly provided that the [orphans'] court *intended* to award fees . . . at some time in the future." William's Second Brief at 5 (emphasis in original). Thus, William argues, the October 6, 2017 order was not final as to the award of counsel fees. *Id.* at 6–7. William explains that he did not address the issue of counsel fees on appeal from the October 6, 2017 order because that issue was "not ripe" for review by this Court. *Id.* at 8.

We conclude that the October 6, 2017 order was not a final order. A final order is one that disposes of all claims and all parties. Pa.R.A.P. 341(b)(1). The October 6, 2017 order did not dispose of the counsel-fees issue. Nevertheless, William's appeal from the October 6, 2017 order was

permissible under Pa.R.A.P. 311(a)(8) and Pa.R.A.P. 342(a)(6).[4] Rule 311(a)(8) allows an interlocutory appeal as of right from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and all parties." Rule 342(a)(6) makes appealable as of right an orphans' court "order determining an interest in real or personal property." The October 6, 2017 order determined William's interest in shares of CLC stock that he acquired in violation of the corporate bylaws. Consequently, our review of the appeal from the October 6, 2017 order was limited to the orphans' court's determinations regarding William's unauthorized purchase of CLC stock and breach of fiduciary duty. Because the orphans' court still had to determine an amount of counsel fees and enter judgment thereon, the issue of counsel fees was not ripe for our review as of the cross-appeals from the October 6, 2017 order. That issue became ripe upon the filing of cross-appeals from the March 19, 2018 order awarding counsel fees to Susan and Melinda, denying counsel fees to CLC, and entering judgment against William. Thus, William did not waive the issue of counsel fees.

Turning to the merits, Shareholders argue that the orphans' court erred in denying CLC counsel fees. Shareholders' Brief at 32. According to

---

[4] Shareholders' cross-appeal from the October 6, 2017 order was authorized under Pa.R.A.P. 903(b): "[I]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was served…."

Shareholders, CLC should be reimbursed for defending William and his family because the orphans' court found that William, "as an officer and director of [CLC] breached his fiduciary duty to plaintiff shareholders." *Id.* at 33 (quoting Order, 10/6/17, at ¶ 2). Shareholders contend that "it is inequitable for William and his family members to obtain a free legal defense at the expense of CLC and, by extension, its shareholders." *Id.* at 35.

William argues that the orphans' court erred in awarding Susan and Melinda counsel fees. William's Brief at 6. According to William, the orphans' court lacked authority to award fees because "[t]he record is devoid of any statute under which [Shareholders] sought fees, any agreement between the parties, any 'common fund', or any other justification for the award of counsel fees." *Id.* Additionally, William claims that he had a valid defense to Shareholders' claims—the statute of limitations; there was no finding that William acted in an arbitrary and vexatious manner; and the Pennsylvania Judicial Code precludes an award of fees in this case. *Id.* at 7, 8–9 (citing 42 Pa.C.S. § 2503).

Our standard of review from a final order of the orphans' court is deferential:

> We accord the findings of the Orphans' Court, sitting without a jury, the same weight and effect as the verdict of a jury; we will not disturb those findings absent manifest error; as an appellate court we can modify an Orphans' Court decree only if the findings upon which the decree rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence.

Moreover, we will not reverse the Orphans' Court's credibility determinations absent an abuse of the court's discretion as factfinder. On the other hand, we are not required to give the same deference to the Orphans' Court's legal conclusions. Where the rules of law on which the Orphans' Court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*Estate of Edward Winslow Taylor Inter Vivos Tr.*, 169 A.3d 658, 663 (Pa. Super. 2017) (quoting *In re Trust of Hirt*, 832 A.2d 438, 447 (Pa. Super. 2003) (citations, quotation marks, and some brackets omitted)). This Court will not disturb a ruling on a request for an award of counsel fees absent an abuse of discretion, which occurs if the trial court has failed to follow proper legal procedures or misapplied the law. *Werner v. Werner*, 149 A.3d 338, 346 (Pa. Super. 2016) (citation omitted).

"The applicant for counsel fees has the burden of proving his/her entitlement thereto." *Petow v. Warehime*, 996 A.2d 1083, 1087 (Pa. Super. 2010) (quoting *Gall v. Crawford*, 982 A.2d 541, 549 (Pa. Super. 2009)). Pursuant to the American Rule, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception."[5] *Id.* (quoting

---

[5] For examples of established exceptions, **see *Harcar v. Harcar***, 982 A.2d 1230, 1234 (Pa. Super. 2009) ("Attorney fees may be assessed as a sanction for the contemnor's refusal to comply with a court [o]rder, causing the innocent party to incur fees in an effort to obtain what was rightfully his.") (citation omitted); ***McCoy v. McCoy***, 888 A.2d 906 (Pa. Super. 2005) ("The purpose of an award of counsel fees [in context of equitable distribution] is to promote fair administration of justice…."). **Cf. *Mosaica Academy Charter School v. Com. Dept. of Educ.***, 813 A.2d 813 (Pa. 2002) ("As the Declaratory Judgments Act does not expressly authorize the award of counsel fees and because the award of counsel fees was not implemented as

*Gall*, 982 A.2d at 549); *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482–483 (Pa. 2009). "In Pennsylvania, the American Rule is embodied in 42 Pa.C.S. § 1726(a)(1), which provides that attorneys' fees are not an item of taxable costs except as permitted by 42 Pa.C.S. § 2503 (relating to right of participants to receive counsel fees)…." *Mosaica Academy Charter School v. Com. Dept. of Educ.*, 813 A.2d 813 (Pa. 2002).

Pursuant to 42 Pa.C.S. § 2503, the following participants are entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.

(2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.

(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

(4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

_____

supplemental relief to effectuate the declaratory judgment pursuant to [42 Pa.C.S. §] 7538, the grant of attorneys' fees was improper.").

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

42 Pa.C.S. § 2503.

We first consider William's arguments, which the orphans' court rejected

with the following rationale:

In this case, an investigation and subsequent suit were proper and necessary and pursued for the benefit of all beneficiaries, having been prompted by an inexplicable valuation by the estate of shares of stock. Notwithstanding, therefore, that [Shareholders] have not asserted any specific statutory or contractual authority in support of the claim for costs and attorney fees, [they] have demonstrated that equity compels that outcome. Absent [Shareholders'] pursuit of the inquiry regarding the evaluations assigned by the estate to the shares of stock, beneficiaries would have been deprived of the proper distribution and valuation of shares of stock that were part of the estate.

* * *

The record developed at trial demonstrated [the defenses of laches and the statute of limitations] to be largely unavailable in view of William's pattern of furtive stock acquisitions and his election not to enter those acquisitions seasonably onto the corporate record.

* * *

- 11 -

> The record does not at all indicate a significant number of hours dedicated exclusively to the representation of Harry. … For that reason, [William's] contention that, because Harry was ultimately excluded from any recovery in this matter, any fees associated with Harry must be wholly excised from [Shareholders'] calculation of costs and damages is unconvincing.

Orphans' Court Opinion, 6/19/18, at 6, 7, 8.

Upon review, we conclude that the orphans' court misapplied the law in awarding counsel fees to Susan and Melinda. *Werner*, 149 A.3d at 346. As petitioners for counsel fees, Shareholders bore the burden of proving their entitlement thereto. *Petow*, 996 A.2d at 1087; *Gall*, 982 A.2d at 549. In their fee petition, Susan and Melinda focused on the reasonableness of the counsel fees they incurred in the underlying actions. Fee Petition, 10/25/17, at 2–5. However, Susan and Melinda have not cited any express statutory authorization, a clear agreement of the parties, or other established exception, which would entitle them to counsel fees.

Moreover, the orphans' court entered no findings of fact or conclusions of law that would qualify Susan and Melinda as participants entitled to reasonable counsel fees pursuant to Section 2503 of the Judiciary Code—nor could it have done so on the record at hand. Susan and Melinda do not qualify as bondholders, garnishees, possessors of property, or the prevailing parties in an interpleader action, as described in the Judiciary Code. 23 Pa.C.S. § 2503(1)–(5). Although the orphans' court found that William breached his fiduciary duty, it did not award counsel fees to Susan and Melinda as a sanction against William for "dilatory, obdurate or vexatious conduct," out of

- 12 -

a fund within the jurisdiction of the court, or because the conduct of another party "was arbitrary, vexatious or in bad faith." *Id.* at (6)–(9). **Accord Gall**, 982 A.2d at 550 ("While we agree that a trial court can impose as taxable costs reasonable attorney fees if it finds that an adverse party engaged in dilatory, obdurate or vexatious conduct during the pendency of a matter, we note that the trial court here made no such finding. In the absence of such a finding, we cannot conclude the court abused its discretion in denying counsel fees.") (internal citations and quotation marks omitted). Finally, Susan and Melinda are not "other participants in such circumstances ... specified by statute...." *Id.* at (10).

While acknowledging that Susan and Melinda "have not asserted any specific statutory or contractual authority in support of the claim for costs and attorney fees," the orphans' court opined that Shareholders demonstrated "equity compels" its award. Orphans' Court Opinion, 6/19/18, at 6. In support, the orphans' court cited **In re Kennedy's Estate**, 21 A. 671 (Pa. 1891), which is factually distinguishable from the case *sub judice*. Therein, a trust beneficiary's request for information from the actuary of the estate "was met with a flat refusal[,]" thereby causing litigation. *Id.* Upon reviewing the beneficiary's exceptions to the estate's account, the trial court awarded the beneficiary counsel fees and costs. "Under the peculiar circumstances of the case," the Pennsylvania Supreme Court affirmed, holding that the litigation "was the only means by which the information could have been obtained as

- 13 -

to the condition of the estate." *Id.* Notably, the Supreme Court instructed that its decision:

> must not be drawn into precedent for the broad doctrine that, where exceptions are filed to the account of an executor, administrator, or trustee, in the orphans' court, the exceptant is entitled to an allowance for counsel fees out of the fund. The rule in such cases is that the exceptant must pay his own counsel.

*Id.*

Here, in contrast, Susan and Melinda did not file a request for information that was met with a flat refusal, resulting in litigation. Rather, William's disclosure of his activities as an officer of CLC that negatively affected Trust B prompted the underlying proceedings. Therefore, we reaffirm that, where exceptions are filed to an account, "the exceptant must pay his own counsel." *Kennedy's Estate*, 21 A. 671.

The orphans' court also relied on *In re Grollman' Estate*, 117 A. 351 (Pa. 1922), which also is factually distinguishable. Therein, we approved the orphans' court's imposition of a surcharge on an accountant whose "misconduct [in conducting an audit of the estate] . . . warranted an order that he be directed to save harmless the estate from expenditures made necessary by reason thereof." *Id.* at 352. The case at hand does not involve a surcharge based on an errant accountant's derelictions in auditing an estate,

but a request of counsel fees based on a corporate officer's breach of fiduciary duty, which negatively affected Trust B.[6]

In sum, neither Susan and Melinda nor the orphans' court cites any relevant authority for the proposition that a court's equitable power is a recognized exception to the American Rule—nor could they. *Accord Gall*, 982 A.2d at 550 ("[Petitioners] have not cited, and our independent investigation has not revealed, any Pennsylvania case supporting their specific proposition that courts sitting in equity are permitted to award counsel fees."); *Sheriff v. Sheriff*, 802 A.2d 644 (Pa. Super. 2002) ("One can see just how easily [sic] it could be to slip down the proverbial 'slippery slope' to award attorney fees when a party responds to the actions of another by either seeking legal advice or by taking steps to actually litigate the matter. It is a path that has been resisted before and, we believe, should be resisted now.").

Because Susan and Melinda failed to carry their burden of proof, the orphans' court erred as a matter of law in awarding them counsel fees. Therefore, we reverse that part of the March 19, 2018 order.

Regarding its denial of counsel fees to CLC, the orphans' court rejected Shareholders' arguments with the following analysis:

> Although [Shareholders] have demonstrated a violation by William
> of the fiduciary duty owed to shareholders, the services provided
> by William as well as the personal guarantee proffered by him to

---

[6] The orphans' court's reference to *In re LaRocca's Trust Estate*, 192 A.2d 409 (Pa. 1963), is misplaced, as that case involved reformation of a written trust document based on unilateral mistake.

- 15 -

assist in securing a loan to the corporation have been argued to have been essential to the continued existence of the corporation. William improperly exploited circumstances when he acted to assure his personal enrichment to the obvious material detriment of other shareholders and did so in contradiction to the terms and designs of Article XI. Nonetheless, [Shareholders] have not identified any bylaw or legislation that compels a reimbursement of counsel fees expended on behalf of a corporate officer should the officer be found to have breached his fiduciary duties as an officer. Nor have [Shareholders] demonstrated that any demand has been made by the corporate board for William to reimburse the costs of litigation borne by the corporation. The corporation may well have determined that funding William's defense was an essential expense.[7]

The record in this case did not compel a finding that William should be required to reimburse [CLC] for the costs of his defense.

Orphans' Court Opinion, 6/19/18, at 8–9.

Upon review, we conclude that the orphans' court properly denied CLC counsel fees, albeit on a narrower basis. *See Staub v. Staub*, 960 A.2d 848 (Pa. Super. 2008) ("[N]otwithstanding the trial court's stated grounds, if its result is correct, this Court can affirm the trial court on any basis.") (citation omitted). In the supplemental fee petition, Shareholders again focused on the reasonableness of the counsel fees, without citing any statutory authorization, clear agreement of the parties, or other established exception to the American Rule, which would permit an award of counsel fees to CLC. Supplemental Fee Petition, 1/22/18, at 6–8. Given this failure of proof, the

---

7   Under Pennsylvania law, the authority of a corporation to indemnify a representative of the corporation is derived from 15 Pa.C.S. § 1742.

orphans' court did not err in denying CLC counsel fees.  Therefore, we affirm that part of the March 19, 2018 order.

In sum, we reverse the award of counsel fees to Susan and Melinda. We affirm the denial of counsel fees to CLC.

Order reversed in part and affirmed in part.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/1/2019